COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                                          PROBATE & FAMILY COURT
                                                        C.A. NO. 04E0070GC1

|  |  |
|---|---|
| LORRAINE FORCIER, <br> Administratrix of the Estate <br> of Darren Forcier, <br><br> Plaintiff, <br><br> v. <br><br> METROPOLITAN LIFE INSURANCE <br> COMPANY and DORIS FORCIER, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### METROPOLITAN LIFE INSURANCE COMPANY'S MOTION FOR LEAVE TO DEPOSIT MONEY INTO COURT, TO DISMISS, AND TO RECOVER ATTORNEYS' FEES AND COSTS

Defendant Metropolitan Life Insurance Company ("MetLife") respectfully moves that it be granted leave, pursuant to Mass. R. Civ. P. 67, to deposit money with the Court, that all claims against it be dismissed, and that it recover its attorneys' fees and costs. A proposed Order is attached hereto as Exhibit A. As grounds for this motion, MetLife states as follows.

1. This action, to the extent it involves MetLife, arises from a dispute as to the proper beneficiaries under a life insurance policy issued by MetLife.

2. MetLife issued a group policy ("MetLife Policy") to Macromedia, Inc., Darren Forcier's ("Darren") employer, which funds the life insurance benefits under the Plan. The Macromedia Employee Benefit Plan ("the Plan") is an Employee Welfare Plan that is regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461.

3. Darren died on or about October 21, 2003. The decedent had not named a beneficiary to receive his Plan benefits, as of the time of his death.

4. As of his death, Darren was covered for death benefits under the Plan in the amount of $208,000 ("the Plan benefits").

5. MetLife received claims for the Plan benefits from both the Estate of Darren Forcier and from his spouse, Doris Forcier. Under the provisions of the Plan MetLife is entitled to pay the benefits to either the spouse or the Estate.

6. MetLife has been informed that the decedent Darren and his spouse Doris Forcier were in the process of obtaining a divorce at the time that Darren died but that the divorce was not final until January 5, 2004, several months after Darren died.

7. MetLife is in doubt as to the proper beneficiaries under the Plan.

8. The defendants in this action include all persons who have made claims to the Plan benefits and who are known to have possible claims to the Plan benefits.

9. MetLife does not have an independent interest as to how the conflicting claims to the Plan benefits are resolved by this Court.

10. Because MetLife does not have an independent interest as to how the conflicting claims are resolved, it should be permitted to deposit the benefits into Court, to be discharged from this action, and to recover its attorneys' fees and costs. See Smith & Zobel, Massachusetts Rules Practice, § 22.5.

WHEREFORE, MetLife respectfully requests that this Court:

A.   Enter an order permitting MetLife to deposit the Plan benefits with the clerk;

B.   Enter an order declaring that MetLife's liability under the Plan shall be fully discharged upon such deposit;

C. Enter an order dismissing with prejudice all claims against MetLife, Macromedia Inc., and Macromedia Employee Benefit Plan following such deposit;

D. Enter an order restraining the defendants in this action from initiating any action against MetLife with respect to the Plan; and

E. Award MetLife its attorneys' fees and costs, to be paid from the benefits deposited with the clerk.

                                    METROPOLITAN LIFE INSURANCE
                                    COMPANY
                                    By its attorneys,

                                    James F. Kavanaugh, Jr. BBO# 262360
                                    CONN KAVANAUGH ROSENTHAL
                                      PEISCH & FORD, LLP
                                    Ten Post Office Square
                                    Boston, MA  02109
                                    (617) 482-8200

Dated: August 16, 2004

## NOTICE OF MOTION

Please be advised that this motion will be set for hearing at this honorable Court on Monday, August 23, 2004 at 9:00 a.m.

## CERTIFICATE OF SERVICE

I, James F. Kavanaugh, Jr., hereby certify that on this day I served a copy of the foregoing document on all parties by mailing a copy thereof, postage prepaid, to:

Janet Fennell, Esq.
390 Main Street – Suite 720
Worcester, MA 01608

Doris Forcier
657 Worcester Street
Southbridge, MA 01550

_____
James F. Kavanaugh, Jr.

DATED: August 16, 2004

207567.1

4

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                          PROBATE & FAMILY COURT
                                        C.A. NO. 04E0070GC1

|  |  |
|---|---|
| LORRAINE FORCIER, Administratrix of the Estate of Darren Forcier, <br><br> Plaintiff, <br><br> v. <br><br> METROPOLITAN LIFE INSURANCE COMPANY and DORIS FORCIER, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### ORDER FOR DEPOSIT OF INSURANCE PROCEEDS INTO COURT

This matter having come before the Court, and the issues having been duly reviewed, it is hereby Ordered and Adjudged as follows:

1. Pursuant to Mass. R. Civ. P. 67, the defendant Metropolitan Life Insurance Company ("MetLife") may deposit the proceeds of the life insurance policy at issue in this case ("Proceeds") with the Court, which Proceeds shall be made payable to "Clerk, Probate & Family Court, Department of the Trial Court of Massachusetts, Worcester". Said Proceeds shall be placed in the Court's account and shall be distributed only as further ordered by this Court.

2. Upon MetLife's deposit of the Proceeds with the Court, MetLife shall be discharged from any liability in, and shall be dismissed with prejudice from, this action.

3. The plaintiff Lorraine Forcier, as Administratrix of the Estate of Darren Forcier, and the defendant Doris Forcier, are restrained from instituting or prosecuting, in any other state or federal court, any proceeding against MetLife with respect to the Proceeds.

4. MetLife shall be awarded its attorneys' fees and costs, to be paid from the Proceeds deposited with the Clerk.

Dated at Worcester, Massachusetts this _____ day of August, 2004.

_____
Clerk of Court

207537.1

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                    PROBATE AND FAMILY COURT
                                  DOCKET NO. 04EQ0070GC1

LORRAINE FORCIER, ADMINISTRATRIX  )
   OF THE ESTATE OF DARREN FORCIER, )
                                  )
           Plaintiff              )
                                  )
vs.                               )   DORIS FORCIER'S
                                  )   MOTION TO DISMISS
METROPOLITAN LIFE INSURANCE and   )
DORIS FORCIER                     )
                                  )
           Defendant              )

NOW COMES the defendant Doris Forcier and moves, pursuant to Mass.R.Civl.P. 12(b)(6), that this Honorable Court dismiss the plaintiffs' Complaint.

AS GROUNDS for this motion, the defendant states that the Complaint fails to state a claim upon which the requested relief can be granted.

The defendant refers to the Memorandum of Law filed herewith.

                              Respectfully submitted,
                              DORIS FORCIER
                              By her attorney:

                              _____
                              Attorney Barbara S. Liftman
                              Weinstein & Weinstein, P.C.
                              10 Mechanic Street, Suite 300
                              Worcester, MA 01608
                              (508) 757-7000
                              BBO#559448

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                          PROBATE AND FAMILY COURT
                                        DOCKET NO. 04EQ0070GC1

LORRAINE FORCIER, Administratrix        )
  of the Estate of DARREN FORCIER,      )
                                        )
              Plaintiff                 )
                                        )
vs.                                     )  MEMORANDUM OF LAW
                                        )  IN SUPPORT OF MOTION
METROPOLITAN LIFE INSURANCE COMPANY )      TO DISMISS
  and DORIS FORCIER                     )
                                        )
              Defendant                 )

## I. INTRODUCTION

The defendant Doris Forcier submits this Memorandum of Law in support of her Motion to Dismiss the plaintiff's Complaint in Equity seeking reformation of a contract for life insurance between the plaintiff's decedent Darren Forcier and the defendant Metropolitan Life Insurance Company.

## II. STATEMENT OF FACTS

The plaintiff's decedent Darren Forcier (hereinafter "Darren") and the defendant Doris Forcier (hereinafter "Doris") entered into a written Separation Agreement on or about July 2, 2003. That agreement, which is incorporated by reference in the plaintiff's Complaint, provided with respect to life insurance that, "The Husband and Wife shall keep in force life insurance policies as they see fit."

1

On October 5, 2003, the parties appeared before this Court, King, J., and a Judgment of Divorce Nisi was entered which incorporated the terms of the parties' Separation Agreement.

On October 21, 2003, Darren died. The plaintiff Lorraine Forcier (hereinafter "Lorraine"), Darren's mother, petitioned for and was appointed administrator of Darren's estate. In ruling on Lorraine's Petition for Instructions, this Court, Roach, J., declared the divorce null and void but upheld "the provision of the Agreement wherein [Doris] waived her rights in the estate of [Darren] and waived her right to act as the administrator of his estate."

At the time of his death Darren had a life insurance policy through his employer with the Defendant Metropolitan Life Insurance Company (herinafter "Metlife"). The Metlife policy does not name a beneficiary.

On or about July 22, 2004 Lorraine commenced this action seeking to enjoin Metlife from paying the proceeds of the life insurance policy to Doris, Darren's surviving spouse, and to reform the insurance contract to designate Darren's estate as the beneficiary. As grounds for the relief she seeks Lorraine alleges simply that in the Separation Agreement Doris and Darren acknowledged that they had divided between them all of their personal property (emphasis added) and that this Court has previously found the separation agreement to be enforceable.

## III. STANDARD OF REVIEW

A motion to dismiss will be allowed if the allegations of the complaint clearly demonstrate that the plaintiff does not have a claim. See Fabrizio v. City of Quincy, 9 Mass. App. Ct. 733 (1980). When it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief, the complaint should be dismissed. See Conley v. Gibson, 355 U.S. 41, 45-56 (1957); McCone v. New England Telephone & Telegraph Co., 393 Mass. 231 (1984); Nader v. Citron, 372 Mass. 96, 98 (1977). In the case at bar, even taking all inferences in favor of Lorraine, see Sheffield Progressive, Inc. v. Kingston Tool Co., Inc., 10 Mass. App. Ct. 47 (1980), there is no set of facts which will entitle her to the relief she is seeking.

## IV. ARGUMENT

### A. The Provision of the Separation Agreement Upon Which the Plaintiff Relies is Not Applicable to A Policy of Life Insurance

Lorraine claims that she is entitled to reformation of the Metlife policy because the parties acknowledged that they had divided their personal property. The Metlife policy was issued through Darren's employment as an employee benefit. While it was intended to pay a death benefit to a beneficiary of Darren's choosing, it was not an asset of Darren's and had no value prior to Darren's death. In fact, Darren did not even list the Metlife policy as an asset on his financial statement filed with this Court at the time of the divorce hearing. Therefore, the provision of

the divorce agreement pertaining to personal property has no effect on the life insurance policy.

Even if this court finds that the life insurance policy was Darren's personal property at the time of the divorce, Doris could not have waived her interest in the policy because the existence of the policy was not disclosed to her.

The parties did specifically address the issue of life insurance in their separation agreement. On page two, paragraph eight the parties agreed, "The Husband and Wife shall keep in force life insurance policies as they see fit." While admittedly this language did not obligate Darren to maintain life insurance for Doris' benefit, it left him free to change or not to change the beneficiary as he saw fit. It defies logic to suggest, given the presence of this provision in the agreement, that Doris waived her right to collect the proceeds of Darren's life insurance. Likewise the provision in the agreement wherein Doris waived any right to inherit from Darren's estate does not prevent her from collecting the proceeds of the Metlife policy. As Darren's estate is not named as beneficiary of the policy, the proceeds are not an asset of his estate.

## V. PLAINTIFF IS NOT ENTITLED TO REFORMATION

The only prayer for relief in the Complaint is for reformation of the life insurance policy. The plaintiff can prove no set of facts which would entitle her to reformation of the policy to name Darren's estate as the beneficiary.

Reformation of a contract is available where (a) it is necessary to make the document conform with a judgment or (b) where the plaintiff establishes that reformation is necessary to make the contract conform to the parties' true intentions.

As discussed at length above, nothing in this Court's Order of February 26, 2004, wherein this Court found that Doris waived her rights in Darren's estate, prevents her from collecting the proceeds of his life insurance. Reformation is available to make an instrument conform to the parties' true intentions as in the case of fraud, accident, mutual mistake or a scrivener's error. See 14 B. Mass. Practice Summary of Basic Law §12.85 (3d.ed). Here there is not even an allegation in the Complaint that there was a mutual mistake of fact, a scrivener's error, an accident or fraud, Id, requiring reformation of the insurance contract.

Darren named no beneficiary of the Metlife policy. The Complaint does not even allege that the failure to name a beneficiary was unintentional. Darren either knew, or reasonably could and should have known, that by naming no beneficiary the insurance proceeds may be paid to Doris. Darren either knew this or could and should have known it at the time he entered into the separation agreement with its clause about life insurance. There is no allegation that Darren attempted to designate his estate or anyone other than Doris as beneficiary in connection with the parties' divorce.

5

Accordingly, taking all of the factual allegations of the Complaint as true for purposes of this motion, the plaintiff has not alleged sufficient facts to support her claim for reformation.

## VI. CONCLUSION

As payment of the Metlife policy proceeds to Doris would be entirely consistent with the parties' Separation Agreement and as Lorraine has alleged no other facts which make out a cause of action for reformation, defendant prays this Court dismiss the plaintiff's Complaint with prejudice.

Respectfully submitted,
Defendant,
DORIS FORCIER,
By Her Attorney,

Attorney Barbara S. Liftman
Weinstein & Weinstein, P.C.
10 Mechanic Street, Suite 300
Worcester, MA 01608
(508) 757-7000
BBO#559448

6

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                    PROBATE AND FAMILY COURT
                                  DOCKET NO. 04EQ0070GC1

LORRAINE FORCIER, ADMINISTRATRIX    )
OF THE ESTATE OF DARREN FORCIER,    )
                                    )
            Plaintiff               )
                                    )
      vs.                           )         (PROPOSED)
                                    )           ORDER

After hearing it is hereby ORDERED as follows:

1.  The Complaint in Equity filed by Lorraine Forcier, Administratrix of the Estate of Darren Forcier, is hereby dismissed.

DATED:                              _____
                                                    , Justice

3

## NOTICE OF MOTION

Please take notice that the undersigned will bring the foregoing Doris Forcier's Motion to Dismiss on for hearing before this court at Worcester on September 13, 2004 at 9:00 a.m. or as soon thereafter as counsel can be heard.

_____
Attorney Barbara S. Liftman
Weinstein & Weinstein, P.C.
10 Mechanic Street, Suite 300
Worcester, MA 01608
(508) 757-7000
BBO #520600

DATED:    August 17, 2004

## CERTIFICATE OF SERVICE

I, Barbara S. Liftman, do hereby certify that I have served a copy of Doris Forcier's Motion to Dismiss, Memorandum in Support of Doris Forcier's Motion to Dismiss and Proposed Order by serving copies of the same on the plaintiff, first class mail postage pre-paid to her attorney as follows:

Janet Fennell, Esquire
Law Offices of Neil S. Davis
390 Main Street, Suite 720
Worcester, MA 01608

_____
Barbara S. Liftman, Esquire

2

# COMMONWEALTH OF MASSACHUSETTS
[G. L. Chap. 206 § 25—28.]

**To the Honorable the Judges of the Probate Court in and for the County of Worcester:**

Respectfully represents Lorraine Forcier of Worcester in the County of Worcester that she is Administratrix of the estate of Darren Forcier late of Worcester in the County of Worcester – deceased – that it is advisable:

To deposit the sum of two hundred thousand dollars in an account held by the Worcester Probate Court until said Court makes a determination as to who the above sum will be distributed.

For the reason that the defendant, Metropolitan Life Insurance Company's sole obligation is to distribute life insurance proceeds on behalf of the decedent, Darren Forcier, of which the beneficiary is in dispute.

Wherefore your petitioner pray that the monies be deposited in an account held by the Worcester Probate Court and that Metropolitan Life Insurance Company make a check payable in the name of the First Judge of said Court, to accumulate for the benefit of the person entitled thereto.

Dated this 17th day of August 2004.

_____

_____

_____

_____

# COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                                        PROBATE COURT

At a Probate Court held at Worcester, Massachusetts, in and for said County of Worcester on the 17th day of August in the year of our Lord two thousand four.

On the petition of Lorraine Forcier, Administratrix of the estate of Darren Forcier late of Worcester in the County of Worcester – deceased – praying that Metropolitan Life Insurance Company be allowed to deposit the sum of two hundred thousand dollars in an account held by the Worcester Probate Court until said Court makes a determination as to who the above sum will be distributed.

It is ordered that said two hundred thousand dollars be deposited into an account held by the Worcester Probate Court until a determination is made as to whom the funds will be distributed. Metropolitan Life Insurance Company shall make a check payable in the name of the First Judge of said Court and file in said Court the original evidence of said deposit.

_____ Judge of Probate Court