UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL DOCKET
NO. 04CV40158

| | |
|---|---|
| LORRAINE FORCIER, Administratrix of the Estate of DARREN FORCIER, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>METROPOLITAN LIFE INSURANCE COMPANY )<br>and DORIS FORCIER )<br>)<br>Defendant ) | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |

## I. INTRODUCTION

The defendant Doris Forcier submits this Memorandum of Law in support of her Motion to Dismiss the plaintiff's Complaint in Equity seeking reformation of a contract for life insurance between the plaintiff's decedent Darren Forcier and the defendant Metropolitan Life Insurance Company.

## II. STATEMENT OF FACTS

The plaintiff's decedent Darren Forcier (hereinafter "Darren") and the defendant Doris Forcier (hereinafter "Doris") entered into a written Separation Agreement on or about July 2, 2003. That agreement, which is incorporated by reference in the plaintiff's Complaint, provided with respect to life insurance that, "The Husband and Wife shall keep in force life insurance policies as they see fit."

1

On October 5, 2003, the parties appeared before this Court, King, J., and a Judgment of Divorce Nisi was entered which incorporated the terms of the parties' Separation Agreement.

On October 21, 2003, Darren died. The plaintiff Lorraine Forcier (hereinafter "Lorraine"), Darren's mother, petitioned for and was appointed administrator of Darren's estate. In ruling on Lorraine's Petition for Instructions, this Court, Roach, J., declared the divorce null and void but upheld "the provision of the Agreement wherein [Doris] waived her rights in the estate of [Darren] and waived her right to act as the administrator of his estate."

At the time of his death Darren had a life insurance policy through his employer with the Defendant Metropolitan Life Insurance Company (herinafter "Metlife"). The Metlife policy does not name a beneficiary.

On or about July 22, 2004 Lorraine commenced this action seeking to enjoin Metlife from paying the proceeds of the life insurance policy to Doris, Darren's surviving spouse, and to reform the insurance contract to designate Darren's estate as the beneficiary. As grounds for the relief she seeks Lorraine alleges simply that in the Separation Agreement Doris and Darren acknowledged that they had divided between them all of their personal property (emphasis added) and that this Court has previously found the separation agreement to be enforceable.

### III. STANDARD OF REVIEW

A motion to dismiss will be allowed if the allegations of the complaint clearly demonstrate that the plaintiff does not have a claim. See Fabrizio v. City of Quincy, 9 Mass. App. Ct. 733 (1980). When it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief, the complaint should be dismissed. See Conley v. Gibson, 355 U.S. 41, 45-56 (1957); McCone v. New England Telephone & Telegraph Co., 393 Mass. 231 (1984); Nader v. Citron, 372 Mass. 96, 98 (1977). In the case at bar, even taking all inferences in favor of Lorraine, see Sheffield Progressive, Inc. v. Kingston Tool Co., Inc., 10 Mass. App. Ct. 47 (1980), there is no set of facts which will entitle her to the relief she is seeking.

### IV. ARGUMENT

#### A. The Provision of the Separation Agreement Upon Which the Plaintiff Relies is Not Applicable to A Policy of Life Insurance

Lorraine claims that she is entitled to reformation of the Metlife policy because the parties acknowledged that they had divided their personal property. The Metlife policy was issued through Darren's employment as an employee benefit. While it was intended to pay a death benefit to a beneficiary of Darren's choosing, it was not an asset of Darren's and had no value prior to Darren's death. In fact, Darren did not even list the Metlife policy as an asset on his financial statement filed with this Court at the time of the divorce hearing. Therefore, the provision of

the divorce agreement pertaining to personal property has no effect on the life insurance policy.

Even if this court finds that the life insurance policy was Darren's personal property at the time of the divorce, Doris could not have waived her interest in the policy because the existence of the policy was not disclosed to her.

The parties did specifically address the issue of life insurance in their separation agreement. On page two, paragraph eight the parties agreed, "The Husband and Wife shall keep in force life insurance policies as they see fit." While admittedly this language did not obligate Darren to maintain life insurance for Doris' benefit, it left him free to change or not to change the beneficiary as he saw fit. It defies logic to suggest, given the presence of this provision in the agreement, that Doris waived her right to collect the proceeds of Darren's life insurance. Likewise the provision in the agreement wherein Doris waived any right to inherit from Darren's estate does not prevent her from collecting the proceeds of the Metlife policy. As Darren's estate is not named as beneficiary of the policy, the proceeds are not an asset of his estate.

## V. PLAINTIFF IS NOT ENTITLED TO REFORMATION

The only prayer for relief in the Complaint is for reformation of the life insurance policy. The plaintiff can prove no set of facts which would entitle her to reformation of the policy to name Darren's estate as the beneficiary.

Reformation of a contract is available where (a) it is necessary to make the document conform with a judgment or (b) where the plaintiff establishes that reformation is necessary to make the contract conform to the parties' true intentions.

As discussed at length above, nothing in this Court's Order of February 26, 2004, wherein this Court found that Doris waived her rights in Darren's estate, prevents her from collecting the proceeds of his life insurance. Reformation is available to make an instrument conform to the parties' true intentions as in the case of fraud, accident, mutual mistake or a scrivener's error. See 14 B. Mass. Practice Summary of Basic Law §12.85 (3d.ed). Here there is not even an allegation in the Complaint that there was a mutual mistake of fact, a scrivener's error, an accident or fraud, Id, requiring reformation of the insurance contract.

Darren named no beneficiary of the Metlife policy. The Complaint does not even allege that the failure to name a beneficiary was unintentional. Darren either knew, or reasonably could and should have known, that by naming no beneficiary the insurance proceeds may be paid to Doris. Darren either knew this or could and should have known it at the time he entered into the separation agreement with its clause about life insurance. There is no allegation that Darren attempted to designate his estate or anyone other than Doris as beneficiary in connection with the parties' divorce.

Accordingly, taking all of the factual allegations of the Complaint as true for purposes of this motion, the plaintiff has not alleged sufficient facts to support her claim for reformation.

## VI. CONCLUSION

As payment of the Metlife policy proceeds to Doris would be entirely consistent with the parties' Separation Agreement and as Lorraine has alleged no other facts which make out a cause of action for reformation, defendant prays this Court dismiss the plaintiff's Complaint with prejudice.

Respectfully submitted,
Defendant,
DORIS FORCIER,
By Her Attorney,

_____
Attorney Barbara S. Liftman
Weinstein & Weinstein, P.C.
10 Mechanic Street, Suite 300
Worcester, MA 01608
(508) 757-7000
BBO#559448