UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL DOCKET
No: 04CV04158

LORRAINE FORCIER, ADMINISTRATIX OF
THE ESTATE OF DARREN FORCIER,
    Plaintiff

vs.

METROPOLITAN LIFE INSURANCE CO.
AND DORIS FORCIER,
    Defendants

AMENDED COMPLAINT
IN EQUITY FOR DECLARATORY
JUDGMENT

1. The plaintiff, Lorraine Forcier is the Administratrix of the Estate of Darren Forcier and resides at 4 Montague Street, Worcester, Ma 01603-3125.

2. The defendant, Metropolitan Life Insurance Company is a corporation doing business in the Commonwealth of Massachusetts with a corporate headquarters located at One Madison Avenue, New York, NY 10010.

3. The defendant, Doris Forcier, is the spouse of the decedent with a last known address of 42 Clark Street, Rochdale, MA.

4. Darren Forcier died on October 21, 2003.

5. The decedent is the holder of a life insurance policy issued by Metropolitan Life Insurance Company.

6. Upon plaintiff's knowledge and belief the decedent did not specifically designate a beneficiary of the life insurance proceeds due him.

7. Upon plaintiff's Knowledge and belief the default beneficiary of the life insurance proceeds is the decedent's spouse.

8. The decedent and the defendant, Doris Forcier were married on May 20, 2000.

9. The defendant, Doris Forcier, and the decedent executed a separation agreement (hereinafter, the "Agreement") in July 2003. On October 6, 2003 the parties appeared in the Worcester Probate and Family Court. The court entered a Judgment of Divorce Nisi and incorporated the agreement into the Judgment, which survived independent of the Judgment.

10. The Agreement, which both parties acknowledged represented a full and final division of marital assets, was found by the Worcester Probate and Family Court to be fair and reasonable, voluntary and not the product of coercion.

11. On February 26, 2004, the Worcester Probate and Family Court (Roach, J.) entered an order on plaintiff's Motion for Instructions, that the Agreement is enforceable given the short duration of the childless marriage, the parties' lengthy separation and irretrievable breakdown of the relationship and the finding that neither party would have wanted the other to receive the bulk of the marital property in the event of the death of one of them before a final divorce.

12. The defendant, Doris Forcier, represented to decedent that she waived all of her rights, not otherwise specifically detailed in the Agreement, arising from the marital relationship by executing the Agreement.

13. The decedent reasonably relied on defendant, Doris Forcier's representations in the Agreement and failed to designate a beneficiary of his life insurance proceeds after the October 6, 2003 hearing.

14. The decedent's reasonable reliance on defendant, Doris Forcier's representations has been to his detriment in that defendant now seeks to collect decedent's life insurance proceeds.

15. Wherefore, plaintiff requests that the Court issue a Declaratory Judgment instructing Metropolitan Life Insurance Company distribute the life insurance proceeds to the Estate of Darren Forcier and not to decedent's spouse, Doris Forcier.

> LORRAINE FORCIER, Plaintiff
> By Her Attorney,
>
> *[signature]*
> Janet Fennell BBO #561288
> Law Office of Neil S. Davis
> 390 Main Street, Suite 720
> Worcester, MA 01608-1601
> (508) 793-0939
> Dated: August 23, 2004