UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 04-CV-40158-FDS

| | |
|---|---|
| LORRAINE FORCIER, ADMINISTRATRIX OF THE ESTATE OF DARREN FORCIER, <br><br> Plaintiff <br> vs. <br><br> METROPOLITAN LIFE INSURANCE CO. AND DORIS FORCIER, <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION TO AMEND THE COMPLAINT IN EQUITY**

The plaintiff, Lorraine Forcier, Administratrix of the Estate of Darren Forcier submits this memorandum in support of her Motion to Amend her Complaint in Equity to a Complaint in Equity for Declaratory Judgment.

**STATEMENT OF THE CASE**

On July 21, 2004 plaintiff filed a Complaint in Equity in the Worcester Probate and Family Court seeking that the court issue an order reforming the decedent, Darren Forcier's life insurance policy, provided to him by his former employer, MacroMedia Incorporated, (hereinafter "MacroMedia) so that the life insurance proceeds payable by Metropolitan Life Insurance Company (hereinafter "MetLife") are distributed to the Estate of Darren Forcier and not to the defendant, Doris Forcier, (hereinafter "wife") who is decedent's spouse. Plaintiff's claim is based on the fact that the decedent and his spouse executed a separation agreement wherein his spouse waived all of her rights and interests arising from the marital

NEIL S. DAVIS
ATTORNEY AT LAW
390 MAIN STREET
WORCESTER, MA 01608
(508) 793-0939

relationship. The Worcester Probate and Family court subsequently granted plaintiff's request for a temporary restraining order and entered a preliminary injunction enjoining MetLife from dispersing the proceeds of decedent's policy. On August 18, 2004 MetLife filed a Notice of Removal with this court. On August 23, 2004 plaintiff received a Motion to Dismiss and Memorandum in Support filed by wife. The same day, plaintiff filed an Amended Complaint in Equity for Declaratory Judgment. On August 31, 2004 plaintiff's counsel was informed by wife's counsel that she intended to file a Motion to Strike Plaintiff's Amended Complaint. Plaintiff's counsel, therefore, agreed with wife's counsel to request leave to amend her complaint.

### ARGUMENT

Plaintiff seeks leave to amend her Complaint in Equity to a Complaint in Equity for Declaratory Judgment as an action to determine the parties' rights relative to the MetLife benefits is the appropriate relief to be requested. Since filing in the Worcester Probate and Family Court, plaintiff has been advised by MetLife and MacroMedia, that at the time of decedent's death he did not have a beneficiary designation. In addition, plaintiff has received a copy of the Employee Benefit Plan which governs the distribution of the MetLife benefits, a copy of which is attached hereto as Exhibit A. Pursuant to the Beneficiary section of the plan if no beneficiary is designated at the time of death, the benefits will be paid to "one or more of the following persons" related to the decedent including spouse, child, parent, brother and sister. The Plan also states that "However, we may instead pay all or part of that amount to your estate."

Based on this information, an action to determine the parties' rights relative to the MetLife benefits is the appropriate relief to be requested and plaintiff's Motion to Amend her

NEIL S. DAVIS
ATTORNEY AT LAW
390 MAIN STREET
WORCESTER, MA 01608
(508) 793-0939

Complaint should be allowed pursuant to Fed.R.Civ.P. 15(a). The Rule states that "leave shall be freely given when justice so requires" and it has been held that denial of such motions must be based on an adequate basis such as futility, bad faith, undue delay or dilatory motive. Hatch v. Department For Children, Youth & Their Families, 274 F.3d 12 (1st Cir. 2001). In this case, justice requires that the court allow plaintiff to amend her Complaint in Equity to a Complaint in Equity for Declaratory Judgment as the parties' dispute arises from the uncertainty of whom should be paid the benefits due the decedent under the MetLife plan and plaintiff's Motion to Amend is presented timely and in good faith.

> LORRAINE FORCIER, Plaintiff
> By Her Attorney,
>
> /s/ Janet Fennell
> Janet Fennell BBO #561288
> Law Office of Neil S. Davis
> 390 Main Street, Suite 720
> Worcester, MA 01608-1601
> (508) 793-0939
> Dated: September 3, 2004

CERTIFICATE OF SERVICE

I, Janet Fennell, attorney for plaintiff, hereby certify that I have served a copy of Plaintiff's Motion to Amend Complaint and Memorandum in Support of Plaintiff's Motion on counsel for defendant, Metropolitan Life Insurance Company, James F. Kavanaugh, Jr. at Conn, Kavanaugh, Rosenthal, Peisch & Ford, Ten Post Office Square, Boston, MA 02109 and to counsel for defendant Doris Forcier, Barbara S. Liftman, at Weinstein & Weinstein, 10 Mechanic Street, Suite 300, Worcester, MA 01608 by mailing same first class mail, postage prepaid on September 3, 2004.

/s/ Janet Fennell
Janet Fennell BBO #561288

NEIL S. DAVIS
ATTORNEY AT LAW
390 MAIN STREET
WORCESTER, MA 01608
(508) 793-0939