UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-40158-FDS

LORRAINE FORCIER, )
Administratrix of the Estate )
of Darren Forcier, )
 )
    Plaintiff, )
 )
v. )
 )
METROPOLITAN LIFE INSURANCE )
COMPANY and DORIS FORCIER, )
 )
    Defendants. )

## ANSWER OF DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY TO AMENDED COMPLAINT

The defendant Metropolitan Life Insurance Company ("MetLife") hereby answers the numbered paragraphs of the amended complaint as follows:

1. The defendant MetLife is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of the amended complaint.

2. The defendant MetLife admits that it is incorporated under the laws of the State of New York, and that it maintains its principal place of business in the State of New York. MetLife also admits that it is authorized to do business in the Commonwealth of Massachusetts. MetLife denies any remaining allegations contained in paragraph 2 of the amended complaint.

3. The defendant MetLife is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3 of the amended complaint.

4. The defendant MetLife is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 4 of the amended complaint.

5. The defendant MetLife admits that the decedent Darren Forcier was a participant under a group life insurance policy issued by MetLife to Macromedia, Inc., Darren Forcier's employer prior to his death, pursuant to the Macromedia Employee Benefit Plan. The Plan is an Employee Welfare Plan that is regulated by the Employment Retirement Income Security Act of 1974 as amended, 29 U.S.C. §§1001-1461.

6. The defendant MetLife admits that, as of the time of his death, the decedent Darren Forcier had not named a beneficiary to receive his Plan benefits, including the death benefits due under the Plan.

7. The defendant MetLife denies the averments contained in paragraph 7 of the amended complaint.

8. The defendant MetLife is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 8 of the amended complaint.

9. The defendant MetLife is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9 of the amended complaint.

10. The defendant MetLife is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 10 of the amended complaint.

11. The defendant MetLife is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 11 of the amended complaint.

12. The defendant MetLife is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 12 of the amended complaint.

13. The defendant MetLife is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 13 of the amended complaint.

14. The defendant MetLife is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 14 of the amended complaint.

15. Paragraph 8 of the amended complaint contains no averments of fact and therefore no response is required. To the extent a response is required, MetLife denies the averments contained in paragraph 15.

## ADDITIONAL DEFENSES

### First Additional Defense

The plaintiff's amended complaint, in whole or in part, fails to state a claim upon which relief can be granted against MetLife.

### Second Additional Defense

The plaintiff's remedies for any of her claims against MetLife are limited solely to those available under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001 et seq., as amended, as these claims are governed exclusively by ERISA.

### Third Additional Defense

The plaintiff's claims against MetLife are pre-empted by ERISA.

## METROPOLITAN LIFE INSURANCE COMPANY'S COUNTERCLAIM AND CROSS-CLAIM FOR INTERPLEADER

1. Defendant/plaintiff-in-counterclaim and plaintiff-in-cross-claim Metropolitan Life Insurance Company ("MetLife") is an insurance company organized under the laws of the State of New York with its principal place of business in New York, New York.

2. The plaintiff/defendant-in-counterclaim Lorraine Forcier is, it has been alleged, the administratrix of the Estate of Darren Forcier.

3. The defendant/defendant in cross-claim Doris Forcier was, it has been alleged, married to the decedent Darren Forcier at the time of his death.

4. This action, to the extent it involves MetLife, arises from a dispute as to the proper beneficiaries under a life insurance policy issued by MetLife.

5. MetLife issued a group policy ("MetLife Policy") to Macromedia, Inc., Darren Forcier's ("Darren") employer, which funds the life insurance benefits under the Plan. The Macromedia Employee Benefit Plan ("the Plan") is an Employee Welfare Plan that is regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461.

6. Darren, it has been alleged, died on or about October 21, 2003. The decedent had not named a beneficiary to receive his Plan benefits as of the time of his death.

7. As of his death, Darren was covered for death benefits under the Plan in the amount of $208,000 ("the Plan benefits").

8. MetLife received claims for the Plan benefits from both the Estate of Darren Forcier and from his spouse, Doris Forcier. Under the provisions of the Plan MetLife is entitled to pay the benefits to either the spouse or the Estate.

9. MetLife has been informed that the decedent Darren and his spouse Doris Forcier were in the process of obtaining a divorce

at the time that Darren died but that the divorce was not final until January 5, 2004, several months after Darren died.

10. MetLife is in doubt as to the proper beneficiaries under the Plan.

11. The defendants in this action include all persons who have made claims to the Plan benefits and who are known to have possible claims to the Plan benefits.

12. MetLife does not have an independent interest as to how the conflicting claims to the Plan benefits are resolved by this Court.

13. Because MetLife does not have an independent interest as to how the conflicting claims are resolved, it should be permitted to deposit the benefits into Court, to be discharged from this action, and to recover its attorneys' fees and costs.

WHEREFORE, MetLife respectfully requests that this Court:

A.  Enter an order permitting MetLife to deposit the Plan benefits with the clerk;

B.  Enter an order declaring that MetLife's liability under the Plan shall be fully discharged upon such deposit;

C.  Enter an order dismissing with prejudice all claims against MetLife, Macromedia Inc., and Macromedia Employee Benefit Plan following such deposit;

D.  Enter an order restraining the defendants in this action from initiating any action against MetLife with respect to the Plan; and

E.  Award MetLife its attorneys' fees and costs, to be paid from the benefits deposited with the clerk.

> METROPOLITAN LIFE INSURANCE COMPANY
> By their attorneys,
>
> *[signature]*
>
> James F. Kavanaugh, Jr. BBO#262360
> CONN KAVANAUGH ROSENTHAL PEISCH
>   & FORD, LLP
> Ten Post Office Square
> Boston, MA 02109
> 617-482-8200

DATED:  September 7, 2004

208087.1

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand)(mail) on 9/7/04.

*[signature]*