# The Trial Court of Massachusetts, Probate and Family Department
## Worcester

| Case Name | Docket Type | Cross Reference | Docket Number |
|---|---|---|---|
| Plaintiff: LORRAINE FORCIER as Administratrix of DARREN FORCIER<br>Defendant: DORIS FORCIER | Equity | | 04E0070GC1 |
| | Case Type | | |
| | General Complaint | | |

| Plaintiff | Attorney | Defendant | Attorney |
|---|---|---|---|
| LORRAINE FORCIER as Administratrix of DARREN FORCIER<br>4 MONTAGUE STREET<br>WORCESTER, MA 01603 | JANET FENNELL<br>390 MAIN STREET<br>SUITE 720<br>WORCESTER, MA 01608 | DORIS FORCIER<br>657 WORCESTER STREET<br>SOUTHBRIDGE, MA 01550<br><br>METROPOLITAN LIFE INSURANCE CO | A TRUE COPY:<br>ATTEST:<br>[signature]<br>REGISTER |

| Summons Filed: ☑ | Aff Disclosing Care & Custody: ☐ | GAL Appointed: ☐ | CCF: P☐ R☐ D☐ |
|---|---|---|---|

| Event Date | Event No | Event Code | Document | Docket Date |
|---|---|---|---|---|
| 07/21/2004 | 1 | PTN | PETITION FOR COMPLAINT IN EQUITY | 07/22/2004 |
| 07/21/2004 | 2 | SUISS | SUMMONS ISSUED | 07/22/2004 |
| 07/21/2004 | 3 | M | JANET FENNELL'S EX PARTE MOTION FOR FOR TEMPORARY RESTRAINING ORDER | 07/22/2004 |
| 07/22/2004 | 4 | AFF | AFFIDAVIT OF JANNET FENNELL IN SUPPORT OD EX PARTE MOTION | 07/22/2004 |
| 07/22/2004 | 5 | ORMALL | MOTION FOR TEMPORARY RESTRAINING ORDER ALLOWED. JOSEPH L. HART, JR., J. ATTYS/PTYS ND 07/26/2004 | 07/27/2004 |
| 07/22/2004 | 6 | ORTRO | TEMPORARY RESTRAINING ORDER DATED 07/22/2004. JOSEPH L. HART, JR., J. ATTYS/PTYS ND 07/26/2004 | 07/27/2004 |
| 08/02/2004 | 7 | INJPR | PRELIMINARY INJUNCTION ISSUED 08/02/2004. GREGORY V. ROACH., J. ATTYS/PTYS ND 08/03/2004 | 08/03/2004 |

04-40158

| Event Date | Event No | Event Code | Document | Docket Date |
|---|---|---|---|---|
| 08/17/2004 | 9 | APPCNS | NOTICE OF APPEARANCE OF JAMES K. KAVANAUGH JR., ESQ., COUNSEL FOR METROPOLITAN LIFE INSURANCE CO. | 08/20/2004 |
| 08/17/2004 | 10 | M | METROPOLITAN LIFE INSURANCE CO.'S MOTION FOR LEAVE TO DEPOSIT MONEY INTO COURT, TO DISMISS & TO RECOVER ATTY'S FEES & COSTS. FILED BY JAMES F KANANAUGH JR ESQ. | 08/20/2004 |
| 08/17/2004 | 11 | CTM | Motion, Contested scheduled on 8/23/04. | 08/20/2004 |
| 08/17/2004 | 12 | M | JAMES F. KAVANAUGH JR., ESQ.'S MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT | 08/20/2004 |
| 08/19/2004 | 13 | M | DORIS FORCIER'S MOTION FOR TO DISMISS, FILED BY BARBARA S. LIFTMAN, ESQ. | 08/20/2004 |
| 08/19/2004 | 14 | CTM | Motion, Contested scheduled on 9/13/04. | 08/20/2004 |
| 08/19/2004 | 15 | AFF | AFFIDAVIT OF JANET FENNELL - REGARDING DEPOSIT | 08/20/2004 |
| 08/19/2004 | 16 | SUFIL | SUMMONS FILED; SERVICE MADE 08/10/2004 | 08/20/2004 |
| 08/20/2004 | 8 | CTM | Motion, Contested scheduled on 9/20/04. | 08/20/2004 |

A TRUE COPY:
ATTEST:

*[signature]*
REGISTER

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                                    PROBATE & FAMILY COURT
                                                  No: 04E0070GC1

Lorraine Forcier, Administratrix
of the Estate of Darren Forcier,
                Plaintiff

        vs.                                       COMPLAINT IN EQUITY

                                                  Filed 7-21-04
Metropolitan Life Insurance Company
and Doris Forcier,
                Defendants

1. The plaintiff, Lorraine Forcier is the Administratrix of the Estate of Darren Forcier and resides at 4 Montague Street, Worcester, Ma 01603-3125.

2. The defendant, Metropolitan Life Insurance Company is a corporation doing business in the Commonwealth of Massachusetts with a corporate headquarters located at One Madison Avenue, New York, NY 10010.

3. The defendant, Doris Forcier, is the spouse of the decedent with a last known address of 657 Worcester Street, Southbridge, MA.

4. The decedent is the holder of a life insurance policy issued by Metropolitan Life Insurance Company.

5. The life insurance policy issued to decedent does not specifically name a beneficiary of the policy proceeds.

6. The plaintiff, Lorraine Forcier, Administratrix of the Estate of Darren Forcier, has been notified that the proceeds of the life insurance policy may be paid to the defendant, Doris Forcier as decedent's spouse.

7. The defendant, Doris Forcier, and the decedent executed a separation agreement in July 2003 by which both parties acknowledged that they had divided between them all of their personal property and this court has previously found that this separation agreement is enforceable.

NEIL S. DAVIS
ATTORNEY AT LAW
390 MAIN STREET
WORCESTER, MA 01608
(508) 793-0939

                                          A TRUE COPY:
                                          ATTEST:

                                          _____
                                          REGISTER

8. Wherefore, plaintiff requests that the Court issue an order reforming the life insurance policy so that the life insurance proceeds payable by Metropolitan Life Insurance Company are distributed to the Estate of Darren Forcier and not to decedent's spouse, Doris Forcier.

LORRAINE FORCIER, Plaintiff
By Her Attorney,

*/s/ Janet Fennell*

Janet Fennell BBO #561288
Law Office of Neil S. Davis
390 Main Street, Suite 720
Worcester, MA 01608-1601
(508) 793-0939
Dated: July 21, 2004

A TRUE COPY:
ATTEST:

*/s/ Stephen G. Abraham*
REGISTER

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                                    PROBATE & FAMILY COURT
                                                  No: 04-E0070GC1

Lorraine Forcier, Administratrix
of the Estate of Darren Forcier,
        Plaintiff

                                                  EX PARTE MOTION FOR
    vs.                                           TEMPORARY RESTRAINING ORDER

Metropolitan Life Insurance Company                       **F¡LED**
and Doris Forcier,
        Defendants                                        JUL 2 2 2004

                                                              MFH

    Now comes the plaintiff, Lorraine Forcier, Administratrix of the Estate of Darren Forcier, and requests that this honorable court issue a temporary restraining order to preserve the proceeds of decedent's life insurance policy issued by Metropolitan Life Insurance Company. As basis, plaintiff states that there is a substantial likelihood that the court will reform the beneficiary designation on the policy as requested in plaintiff's Complaint in Equity as more specifically detailed in plaintiff's affidavit attached hereto and incorporated by reference.

                                        LORRAINE FORCIER, Plaintiff,
                                        By Her Attorney,

#5

_____ 22, 20 04    _____
MOTION ALLOWED       Janet Fennell, BBO # 561288
_____      Law Offices of Neil S. Davis
JUDGE OF PROBATE COURT   390 Main Street, Suite 720
                         Worcester, Massachusetts 01608-1601
                         (508) 793-0939
                         Dated: July 22, 2004

NEIL S. DAVIS
ATTORNEY AT LAW
390 MAIN STREET                             A TRUE COPY:
WORCESTER, MA 01608                           ATTEST:
(508) 793-0939

                                                   REGISTER

a/s 7/26/04

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                                          PROBATE & FAMILY COURT
                                                        No:   07E 0070 66,

Lorraine Forcier, Administratrix
of the Estate of Darren Forcier,
            Plaintiff

                                        AFFIDAVIT IN SUPPORT OF EX PARTE
                                        MOTION FOR TEMPORARY RESTRAINING
        vs.                             ORDER

Metropolitan Life Insurance Company                          F I L E D
and Doris Forcier,
            Defendant                                        JUL 2 2 2004

                                                                MFH

   I, Lorraine Forcier, on oath do depose and say as follows:

   I have been appointed the Administratrix of the Estate of Darren Forcier, docket number 03P-3512.

   I am the plaintiff in a Complaint in Equity to reform the beneficiary designation on the decedent's life insurance policy issued by Metropolitan Life Insurance Company.

   I have been notified by Metropolitan Life Insurance Company that the decedent did not specifically designate a beneficiary on the policy.

   I have been notified by Metropolitan Life Insurance Company that they may pay the life insurance proceeds on the policy to decedent's wife, Doris Forcier.

   Doris Forcier executed a separation agreement with the decedent in July 2003 by which the parties acknowledged that they had divided between them all of their personal property and this court has previously found that this separation agreement is enforceable. See, Order on Motion for Instructions, docket number 03P3512AD1, which is attached hereto and incorporated herein by reference.

   I request that the Court enter the Temporary Restraining Order to preserve the life insurance proceeds payable by Metropolitan Life Insurance Company until a hearing on the Complaint in Equity is held.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 21st DAY OF JULY, 2004.

NEIL S. DAVIS
ATTORNEY AT LAW
390 MAIN STREET
WORCESTER, MA 01608
(508) 793-0939

                                    _____
                                    LORRAINE FORCIER, Plaintiff
                                              A TRUE COPY:
                                              ATTEST:

                                    _____
                                              REGISTER

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT

Worcester Division                                    Docket No.:03P3512AD1

In re: Estate of Darren Forcier    )
                                   )
                                   )
                                   )

**ORDER ON MOTION FOR INSTRUCTIONS FILED BY DECEDENT'S MOTHER, LORRAINE FORCIER**

This matter came before this Court for hearing on February 10, 2004 on the <u>Motion for Instructions</u> filed by the Decedent's mother, Lorraine Forcier, the Honorable Gregory V. Roach, presiding. Both the Decedent's mother and the Decedent's wife, Doris Forcier, were present and represented by counsel.

The Decedent, Darren Forcier (hereinafter "Mr. Forcier") and Doris Forcier (hereinafter "Mrs. Forcier") were married on May 20, 2000. There were no children born of the marriage. On July 2, 2003, the parties entered into a separation agreement (hereinafter "Agreement"). On October 6, 2003, the parties appeared in court. The Court entered a Judgment of Divorce Nisi, and incorporated the Agreement into the Judgment, which survived independent of the Judgment. (King, J.). The Court made the following findings: 1. The Agreement was voluntary and not the product of coercion; 2. The Agreement was fair and reasonable; 3. The parties accepted the Agreement as a full and final division of marital assets; and 4. The Agreement made proper provisions for support and maintenance, alimony and disposition of marital property. (King, J.).

On October 21, 2003, Mr. Forcier died. On November 28, 2003 Lorraine Forcier (hereinafter "Mrs. Lorraine Forcier") filed a Petition for Administration and a Petition for Special Administration with Personal Surety. On December 9, 2003, the Court appointed Attorney Richard D. Silver as the Special Administrator of the Estate of Darren J. Forcier.

On December 8, 2003, Attorney Michael V. Caplette filed an appearance on behalf of Mrs. Forcier. On February 6, 2004, Attorney Caplette filed an Appearance and Objection on behalf of Mrs. Forcier, objecting to the appointment of Mrs. Lorraine Forcier as the Administrator.

                                            A TRUE COPY:
                                            ATTEST:
                                            _____
                                            REGISTER



On 3/2/11

On February 10, 2004, Mrs. Lorraine Forcier filed the instant Motion for Instructions, seeking the Court's instruction on the enforceability of the Separation Agreement executed by Mr. Forcier and Mrs. Forcier.

In this case, Mr. Forcier died during the nisi period. A judgment of divorce entered nisi does not dissolve the marriage. Diggs v. Diggs, 291 Mass. 399, 401 (1935). After the entry of such a judgment nisi, the death of either party before the decree has been made absolute puts an end to the proceeding for divorce, and thereafter the divorce cannot be made absolute. Id.

The status of marriage ceases to exist instantly upon the death of a party. Id. There can be no divorce unless both parties are alive at the time it is granted. Id. at 402. "Divorce is the legal dissolution of a valid existing marriage . . ." Ross v. Ross, 385 Mass. 30, 35 (1982) citing J.F. Lombard, Family Law Section 1440 (1967). Thus, if either party dies before the judgment becomes absolute, the proceedings for divorce are abated. Pine v. Pine, 323 Mass. 524 (1948).

The surviving spouse is entitled to statutory rights in the estate. See Vaughan v. Vaughan, 294 Mass. 164 (1936). The death of a party to a separation agreement, however, does not necessarily terminate the obligations provided for in the agreement. See Pavluvick v. Sullivan, 22 Mass.App.Ct. 581 (1986).

The fundamental question is whether the separation agreement was contingent upon the entry of a judgment of divorce nisi or whether it had full force and effect from the date it was executed. Pavluvick, 22 Mass.App.Ct. at 584. See Moore v. Moore, 389 Mass. 21, 23-25 (1983). The intent of the parties governs. Id. The entire agreement and its context must be analyzed. Id.

As of the date that the parties signed the Agreement, the parties had lived separately for fourteen months, and at the time the Agreement was adopted by the Court the parties had lived apart for seventeen months. Their marriage, as found by the judge, had irretrievably broken down. Mr. Forcier committed suicide within two weeks of the Judgment Nisi. There was no indication of any movement towards reconciliation or any other basis for an assumption that the parties would have abrogated the agreement if one of them had not died. The fairness and reasonableness of the agreement from the point of view of both parties was established by the judge's finding that, among other things, it made "proper provisions for . . . the disposition of marital property." Pavluvick, 22 Mass.App.Ct. at 584-85.

For the brief period during which Mr. Forcier was alive following entry of the Judgment Nisi and this Court's incorporation of the Agreement into the Judgment, the parties complied with it. The conduct by the parties prior to and subsequent to the execution of the Agreement has some weight as an indicator of their intent that it be immediately effective. Even prior to the execution of the Agreement, Mr. Forcier had paid Mrs. Forcier $15,000 as her share of the marital estate.

A TRUE COPY:
ATTEST:

*[signature]*
REGISTER

In the instant matter, the parties intended the agreement to have full force and effect as of at least the date of the order approving it. The agreement was a comprehensive and final settlement of the financial relationship of the parties, which divided their real and personal property, resolved their inheritance rights and their responsibilities for each other's indebtedness. Such complete and permanent separation agreements, freely entered into by parties contemplating a divorce, are favored by the public policy of Massachusetts and generally are enforceable, absent "countervailing equities." Pavluvick, 22 Mass.App.Ct. at 584, quoting Knox v. Remick, 371 Mass. 433, 436-437 (1976).

There are no "countervailing equities" arising out of Mr. Forcier's death such as to prevent the enforcement of the agreement. The decided cases have referred to two situations which may raise "countervailing equities." See Randall v. Randall, 17 Mass. App. Ct. 24, 29 (1983). Mrs. Forcier is not in danger of becoming a public charge, and there is no indication that Mr. Forcier while alive, failed to live up to his part of the bargain.

The equities on the whole favor enforcement of the Agreement. Given the short duration of this childless marriage, the parties' lengthy separation and the irretrievable breakdown of the relationship, neither party would have wanted the other to receive the bulk of the marital property in the event of the death of one of them before a final divorce. The risk of such an untimely death was borne by the parties equally. Pavluvick, 22 Mass.App.Ct. at 585.

Having found that the Agreement is enforceable, I am bound to enforce the provision of the Agreement wherein Mrs. Forcier waived her rights in the estate of Mr. Forcier and waived her right to act as the administrator of his estate. Thus, for the foregoing reasons, the appearance and objection of Mrs. Forcier is hereby STRICKEN.

Date: February 26, 2004

Gregory V. Roach, Associate Justice
Worcester Probate and Family Court

A TRUE COPY:
ATTEST:

REGISTER

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
THE PROBATE AND FAMILY COURT DEPARTMENT

...sion

Docket No. 04EQ0070GC1

**TEMPORARY RESTRAINING ORDER** ~~PRELIMINARY INJUNCTION~~

Lorraine Forcier, Adminstratrix of the Estate of Darren Forcier, Plaintiff

Metropolitan Life Insurance and Doris Forcier, Defendant

This cause came on to be heard on petitioners ~~plaintiff's~~ motion for ~~(preliminary injunction)~~ (temporary restraining order) and the Court having considered the verified complaint, the affidavits submitted in support of said motion and it appearing to the Court after due deliberation that the defendants are committing or threatens to commit the acts set forth below, to the irreparable injury of the plaintiff it is ORDERED that the defendant, their agents, servants, employees and attorneys and all persons in active concert and participation with them be and they hereby are restrained and enjoined ~~until~~ _____ or until such time as there has been a judicial determination of ~~this matter~~ from dispursing the life insurance proceed payable by Metrolpolitan Life Insurance Company.

~~provided that the plaintiff unless otherwise exempted by Rule 65 or order of Court first give security in the sum of $_____ for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined, such bond to be approved by the Court.~~

July 22, 2004
Date

_____
Justice of the Probate and Family Court

You are further notified that a hearing on the preliminary injunction will be heard on Monday, August 2, 2004 at 9:00 a.m.

A TRUE COPY:
ATTEST:

_____
REGISTER

CJ-D 421 (5/80)

c/s 7/26/04



COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
THE PROBATE AND FAMILY COURT DEPARTMENT

COPY

................vision                                    Docket No. 04E0070-G

~~TEMPORARY RESTRAINING ORDER~~ PRELIMINARY INJUNCTION

Lorraine Forcier, Administratrix
of the Estate of _____, Plaintiff
Darren Forcier
                      v.
Metropolitan Life Insurance, Defendants
and Doris Forcier

    This cause came on to be heard on plaintiff's motion for (preliminary injunction) ~~(temporary restraining order)~~ and the Court having considered the verified complaint, the affidavits submitted in support of said motion and it appearing to the Court after due deliberation that the defendant is committing or threatens to commit the acts set forth below, to the irreparable injury of the plaintiff it is ORDERED that the defendant, his agents, servants, employees and attorneys and all persons in active concert and participation with him be and they hereby are restrained and enjoined ~~until~~ _____ _____ ~~until such time as there has been a judicial determination of~~ ~~this action~~ from dispersing the proceeds of the decedent's life insurance policy issued by Metropolitan Life Insurance Company.

~~provided that the plaintiff unless otherwise exempted by Rule 65 or order of Court first give security in the sum~~
~~$ _____ for the payment of such costs and damages as may be incurred or~~
~~suffered by any party who is found to have been wrongfully enjoined such bond to be approved by the Court.~~

August 2, 2004
--------------
Date

_Signature_
Justice of the Probate and Family Court
Gregory V. Roach

A TRUE COPY:
ATTEST:

_Signature_
REGISTER

CJ-D 421 (5/80)

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                           PROBATE & FAMILY COURT
                                         C.A. NO. 04E0070GC1

                                         *Filed Aug 17, 2004*

|   |
|---|
| LORRAINE FORCIER, Administratrix of the Estate of Darren Forcier, |
| Plaintiff, |
| v. |
| METROPOLITAN LIFE INSURANCE COMPANY and DORIS FORCIER, |
| Defendants. |

## NOTICE OF APPEARANCE

TO THE CLERK OF THE ABOVE-NAMED COURT:

Please enter my appearance on behalf of defendant Metropolitan Life Insurance Company in the above-captioned matter.

                                         METROPOLITAN LIFE INSURANCE
                                         COMPANY
                                         By their attorneys,

                                         /s/ James F. Kavanaugh
                                         James F. Kavanaugh, Jr. BBO#262360
                                         CONN KAVANAUGH ROSENTHAL PEISCH
                                           & FORD, LLP
                                         Ten Post Office Square
                                         Boston, MA 02109
                                         617-482-8200

DATED: August 16, 2004                   A TRUE COPY:
                                         ATTEST:

                                         /s/ Stephen G. Abraham
                                                               REGISTER

## CERTIFICATE OF SERVICE

I, James F. Kavanaugh, Jr., hereby certify that on this date I served the enclosed Notice of Appearance on all parties by mailing a copy thereof, postage prepaid, to:

Janet Fennell, Esq.
390 Main Street - Suite 720
Worcester, MA 01608

Doris Forcier
657 Worcester Street
Southbridge, MA 01550

_James F. Kavanaugh, Jr._

DATED: August 16, 2004

207511.1

A TRUE COPY:
ATTEST:
_Stephen G. Abraham_
REGISTER