UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORRAINE FORCIER, ADMINISTRATRIX OF THE ESTATE OF DARREN FORCIER, <br><br> Plaintiff, <br><br> v. <br><br> METROPOLITAN LIFE INSURANCE CO. AND DORIS FORCIER, <br><br> Defendants. | ) ) ) ) ) ) ) ) 04-40158-FDS ) ) ) ) ) ) |

MEMORANDUM AND ORDER

SAYLOR, J.

This is an action to resolve a dispute over the proceeds of a life-insurance policy that has no named beneficiary. Lorraine Forcier, the decedent-insured's mother and the administratrix of his estate, filed suit seeking to have the insurer, Metropolitan Life Insurance Company ("MetLife"), pay the life-insurance proceeds to his estate rather than to his estranged wife, Doris Forcier. Currently pending before the Court are motions to dismiss filed separately by MetLife and Doris Forcier and a motion to amend filed by Lorraine Forcier. For the reasons stated below, the Court will grant MetLife's motion to dismiss, will deny Doris Forcier's motion to dismiss, and will grant Lorraine Forcier's motion to amend.

**I.   Background**

Darren Forcier, the decedent, was employed by Macromedia, Inc., and received from that company a life-insurance benefit issued by MetLife (the "Policy"). Darren was covered under the Policy in the amount of $208,000. He never, however, named a beneficiary.

Darren was married to Doris Forcier. At the time of his death, the couple was in the process of obtaining a divorce. They had entered into a written separation agreement on July 2, 2003, and, on October 5, 2003, a judgment of divorce nisi was entered that incorporated the terms of that. Sixteen days later, on October 21, Darren died. The divorce was not yet final at the time of Darren's death.

The separation agreement apparently provided with respect to life insurance that "[t]he Husband and Wife shall keep in force life insurance policies as they see fit."[1] The separation agreement also apparently provided that Darren and Doris had divided between them all of their personal property.[2] On February 26, 2004, a justice of the Worcester Probate and Family Court ruled that Darren and Doris were not, and could not become, divorced due to Darren's death, but that the separation agreement is enforceable.

MetLife received claims for the Policy benefits from both Darren's estate and from Doris. Under the Policy, MetLife may pay the benefits to either Doris or the estate. The Policy states:

> If there is no Beneficiary at your death for any amount of benefits payable because of your death, that amount will be paid to one or more of the following persons who are related to you and who survive you:
>
> 1. spouse;        3. parent;
> 2. child;         4. brother and sister.
>
> However, we may instead pay all or part of that amount to your estate.

Policy at 43-44. Consequently, MetLife is in doubt as to the proper beneficiary or beneficiaries.

On July 21, 2004, Lorraine filed a complaint in Worcester Probate and Family Court,

---

[1] Doris alleges that she did not know about the Policy at the time of the separation agreement.

[2] Although both Lorraine and Doris rely to some extent on the language of the separation agreement, neither of them has placed a copy of that document in the record.

2

naming MetLife and Doris as defendants. In that complaint, Lorraine asked the court to reform the terms of the Policy so that the proceeds would be paid to Darren's estate, not to Doris.

On August 17, 2004, MetLife filed a motion requesting that it be granted leave to deposit money with the court, that all claims against it be dismissed, and that it recover its attorneys' fees and costs. In that motion, MetLife represented that it does not have an independent interest as to how the conflicting claims for the Policy benefits are resolved.

On August 19, 2004, Doris Forcier filed a motion to dismiss pursuant to Mass. R. Civ. P. 12(b)(6), arguing that reformation of the Policy is not warranted because the separation agreement does not apply to the Policy.

On that same day, MetLife filed a notice of removal in this Court. MetLife asserts that jurisdiction is proper because the Policy is an employee-benefit plan, and thus this case is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 et seq.

After removal, on August 23, 2004, Doris Forcier resubmitted her motion to dismiss in this Court. That motion is identical to the one described above that she filed in state court.

The next day, August 24, 2004, Lorraine Forcier filed an amended complaint in this Court. In her amended complaint, plaintiff seeks a declaratory judgment instructing MetLife to distribute the Policy proceeds to the estate, not to Doris Forcier. She no longer explicitly seeks reformation of the Policy. Approximately two weeks after she filed her amended complaint, Lorraine Forcier filed a motion to amend and a supporting memorandum of law.

On September 8, 2004, MetLife answered the amended complaint and asserted a counterclaim and cross-claim for interpleader; to date, Doris Forcier has not answered the

3

amended complaint.

**II.   Analysis**

As described above, three motions are currently pending before the Court: (1) MetLife's motion for leave to deposit money into court, to dismiss, and to recover attorney's fees; (2) Doris Forcier's motion to dismiss for failure to state a claim upon which relief can be granted; and (3) Lorraine Forcier's motion to amend. The Court will address the motion to amend first and then will consider the two motions to dismiss in turn.

**A.   Motion to Amend**

As noted above, Lorraine Forcier filed an amended complaint on August 24, 2004. Two weeks later, she filed a motion for leave to amend under Fed. R. Civ. P. 15(a); that motion is unopposed. The relevant portion of Rule 15(a) states that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." At the time Lorraine filed her amended complaint, neither defendant had served an answer to her original complaint. And although both defendants had prior to that time filed motions to dismiss, such motions are not "responsive pleading[s]" within the meaning of Rule 15(a). *McDonald v. Hall*, 579 F.2d 120, 121 (1st Cir. 1978); 6 Charles A. Wright et al., *Federal Practice & Procedure* § 1475 (2d ed. 1990). Accordingly, because plaintiff was entitled to amend her complaint as of right, her motion to amend will be granted.

**B.   MetLife's Motion to Dismiss**

MetLife's motion to dismiss and its counterclaim and cross-claim for interpleader all seek the same relief: MetLife asks to deposit the Policy proceeds into the Court, to be dismissed as a party to these proceedings, and to be awarded attorneys' fees and costs. Lorraine Forcier admits

4

that MetLife should be allowed to deposit the funds into the Court and to be dismissed from the action, but she denies that MetLife should recover attorneys' fees and costs from the benefits deposited with the Court. Doris Forcier has not answered MetLife's cross-claim against her or otherwise taken a position on these issues.

Fed. R. Civ. P. 22 governs the use of the interpleader device in a federal-question case. The pertinent portion of that rule provides:

> Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that the plaintiff is not liable in whole or in part to any or all of the claimants. *A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim.*

Fed. R. Civ. P. 22(1) (emphasis added).

MetLife has satisfied the standards for interpleader. Lorraine Forcier and Doris Forcier both have made claims to the proceeds of the Policy. MetLife has admitted liability to pay the proceeds to the proper beneficiary; has disavowed any further interest in this litigation; and seeks to deposit the disputed funds into the Court. For these reasons, and because its request for dismissal is unopposed, the motion to dismiss will be granted, and MetLife will be discharged as a party to this case upon payment of the funds into the Court.

MetLife also seeks an award of attorneys' fees. The "general practice" in the First Circuit is that costs and attorneys' fees are "'usually awarded out of the [deposited] fund to compensate a . . . stakeholder who has been, by reason of the possession of the fund, subjected to competing claims through no fault of his own.'" *Foxborough Sav. Bank v. Petrosian*, 84 F. Supp. 2d 172,

174 (D. Mass. 1999) (quoting *Ferber Co. v. Ondrick*, 310 F.2d 462, 467 (1st Cir. 1962)).  Costs and fees are normally available when the stakeholder (1) is totally disinterested, (2) admits liability, (3) deposits funds into the court, and (4) has asked to be relieved of any further liability. *Smith Barney v. Connolly*, 887 F. Supp. 337, 346 (D. Mass. 1994).

MetLife qualifies under general principles for an award of costs and attorneys' fees:  it is disinterested, admits liability, will deposit funds into the court, and has asked to be relieved of any further liability.  *See id.*  The only issue is the amount of the award that is reasonable under the circumstances.  MetLife has not requested a specific award of attorneys' fees and costs or submitted any documentation on the issue.  Therefore, if MetLife seeks attorneys' fees and costs, it shall file an appropriate motion within 30 days of the date of this order.

### C.     Doris Forcier's Motion to Dismiss

The final motion pending before the Court is Doris Forcier's motion to dismiss Lorraine's complaint for failure to state a claim upon which relief can be granted.  As noted above, Doris first filed this motion in state court and then resubmitted it without change in this Court.  Directing her arguments at Lorraine's original complaint, Doris claims that dismissal is appropriate, in effect, because the separation agreement does not apply to the Policy, and thus reformation of the Policy is unwarranted.

As an initial matter, Lorraine Forcier's amended complaint completely supersedes her original complaint.  *See* 6 Wright et al., *supra*, § 1476 ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case. . . .").  The amended complaint does not request reformation of the Policy.  To the extent, then, that Doris Forcier's motion to dismiss argues that reformation of the Policy is inappropriate, her motion is moot.

Furthermore, and in any event, dismissal is not appropriate here. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Lorraine Forcier's amended complaint is not meritless on its face—whether or not the separation agreement applies to the Policy. As described above, the Policy, which is incorporated by reference in the amended complaint, states that because Darren died without naming a beneficiary, MetLife may pay all or part of the Policy proceeds to his decedent's estate. The Court simply cannot determine whether the estate or Doris is entitled to the Policy proceeds on the basis of the unadorned amended complaint alone, without reviewing the relevant family-court documents in this case (which are not in the record) and without any guidance as to how such a determination is to be made under the governing substantive law. Accordingly, Doris Forcier's motion to dismiss will be denied.

### III.   Conclusion

For the reasons set forth above, Lorraine Forcier's motion to amend is hereby GRANTED; MetLife's motion to deposit funds into the Court and to be dismissed from this case is hereby GRANTED; and Doris Forcier's motion to dismiss is hereby DENIED. The claim against MetLife shall be dismissed upon deposit of the funds into the Court. MetLife shall file an appropriate motion for attorneys' fees, if any, within 30 days of this order.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated: March 16, 2005