COMMONWEALTH OF MASSACHUSETTS
DISTRICT OF MASSACHUSETTS

CIVIL DOCKET NO. 04CV04158

| | |
|---|---|
| LORRAINE FORCIER, ADMINISTRATRIX OF THE ESTATE OF DARREN FORCIER, <br>     Plaintiff <br><br> v. <br><br> DORIS FORCIER, <br>     Defendants | ) ) ) ) ) ) ) ) ) ) |

## ANSWER AND COUNTERCLAIM OF DEFENDANT DORIS FORCIER TO AMENDED COMPLAINT

1. Defendant admits the allegations contained in Paragraph 1 of the Amended Complaint.

2. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 2 of the Amended Complaint.

3. Defendant admits that she was the spouse of the decedent Darren Forcier at the time of his death. Defendant denies the remaining allegations contained in Paragraph 3 of the Amended Complaint. Further answering, Defendant states that she resides at 42 Clark Street, Rochdale, Massachusetts 01542.

4. Defendant admits the allegations contained in Paragraph 4 of the Amended Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Amended Complaint.

6. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 6 of the Amended Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Amended Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of the Amended Complaint.

9. Defendant admits that she executed a document entitled "Separation Agreement" on or about July 2, 2003, and that she and Darren Forcier appeared in the Worcester Probate and Family Court on or about October 6, 2003. Defendant neither admits nor denies the remaining allegations contained in Paragraph 9 of the Amended Complaint as to do so requires the Defendant to draw legal conclusions.

10. The Defendant neither admits nor denies the allegations contained in Paragraph 10 of the Amended Complaint. Further answering the Defendant states that the Agreement and the Judgment speak for themselves.

11. The Defendant neither admits nor denies the allegations contained in Paragraph 11 of the Amended Complaint. Further answering the Defendant states that the Order referenced in Paragraph 11 of the Amended Complaint speaks for itself.

12. The Defendant denies the allegations contained in Paragraph 12 of the Amended Complaint.

13. The Defendant denies the allegations contained in Paragraph 13 of the Amended Complaint.

14. The Defendant denies the allegations contained in Paragraph 14 of the Amended Complaint.

15. Wherefore, Defendant prays that this Court deny Plaintiff the relief she seeks and dismiss her Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## DORIS FORCIER'S COUNTERCLAIM

1. The Defendant/Plaintiff-in-Counterclaim and Plaintiff in Cross-Claim Doris Forcier (hereinafter "Doris") is an individual who resides in Rochdale, Worcester County, Massachusetts.

2. The Plaintiff/Defendant-in-Counterclaim Lorraine Forcier (hereinafter "Lorraine") is, it has been alleged, the duly-appointed administratrix of the Estate of Darren Forcier.

3. The Plaintiff's decedent Darren Forcier died on October 21, 2003. At the time of his death, the decedent was lawfully married to Doris.

4. At the time of his death the decedent held, as an incident of his employment, a life insurance policy issued by MetLife.

5. On information and belief there was no beneficiary designated to receive the proceeds of said life insurance policy.

6. Prior to his death the decedent and Doris entered into a Separation Agreement in connection with an action for divorce which provided, in relevant part, "[t]he Husband (the decedent) and the wife (Doris) shall keep in force life insurance policies as they see fit."

7. The aforementioned life insurance policy provides in relevant part,

> A. Your Beneficiary
> The "Beneficiary" is the person or persons you choose to receive any benefit payable because of your death.
>
> You make your choice in writing or on a form approved by us. This form must be filed with the records for this plan.
>
> You may change the Beneficiary at any time by filing a new form with the Employer. You do not need the consent of the Beneficiary to make a change. When the Employer receives a form changing the Beneficiary, the charge will take effect as of the date you signed it. The change of Beneficiary will take effect even if you are not alive when it is received....

      B.    No Beneficiary At Your Death

If there is no Beneficiary at your death for any amount of benefits payable because of your death, that amount will be paid to one or more of the following persons who are related to you and who survive you:

1. spouse;
2. child;
3. parent;
4. brother and sister.

However, we may instead pay all or part of that amount to your estate.

8. On information and belief the decedent received a copy of said life insurance policy from his employer.

9. On information and belief the decedent knew or reasonably should have known how to designate a beneficiary and how to change the beneficiary designation for the MetLife policy but did not do so prior to his death.

10. On information and belief the decedent reasonably believed that if he failed to designate a beneficiary the proceeds of his MetLife insurance would be paid to Doris.

11. On information and belief only Doris has filed a life insurance claim form with MetLife.

12. On information and belief MetLife was prepared to pay the proceeds of the life insurance policy to Doris, and not to the decedent's estate, prior to the commencement of this action.

WHEREFORE, Doris prays that this Honorable Court enter a declaratory judgment that Doris, and not Lorraine, is entitled to receive the proceeds of the MetLife policy.

Respectfully submitted,
DORIS FORCIER
By her attorney:

_____
Attorney Barbara S. Liftman
WEINSTEIN & WEINSTEIN, P.C.
10 Mechanic Street, Suite 300
Worcester, MA 01608
(508) 757-7000
BBO#559448

April 7, 2005

## CERTIFICATE OF SERVICE

I, Barbara S. Liftman, hereby certify that on this day, April 7, 2005, I served a copy of Answer Counterclaim And Cross-Claim Of Defendant Doris Forcier To Amended Complaint by serving a copy of the same, by first class mail, postage pre-paid on counsel of record namely, Attorney Janet Fennell, Law Offices of Neil S. Davis, 390 Main Street, Suite 720, Worcester, MA 01608.

_____
Attorney Barbara S. Liftman