UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LORRAINE FORCIER, Administratrix )
of the Estate of Darren Forcier, )
    Plaintiff/Counterclaim Defendant )
) C.A. No. 04-CV-40158-FDS
v. )
)
DORIS FORCIER, )
    Defendant/Counterclaim Plaintiff )

**PLAINTIFF/COUNTERCLAIM DEFENDANT, LORRAINE FORCIER'S MEMORANDUM IN REBUTTAL TO DEFENDANT/COUNTERCLAIM PLAINTIFF DORIS FORCIER'S MEMORANDUM OF LAW**

Plaintiff/Counterclaim Defendant, Lorraine Forcier, Administratrix of the Estate of Darren Forcier (hereinafter "Lorraine"), respectfully submits this memorandum in response to the memorandum of law submitted by Defendant/Counterclaim Plaintiff, Doris Forcier (hereinafter "Doris"), in support of her claim to life insurance proceeds of the decedent, Darren Forcier (hereinafter "Darren") from Metropolitan Life Insurance Company (hereinafter "MetLife").

ARGUMENT

Doris contends that the Employee Retirement Income Security Act (hereinafter "ERISA") and case law interpreting that statute preempts the application of state law to the life insurance distribution dispute between herself and Lorraine. Her argument, however, fails to address the fact that neither the statute nor the common law interpreting the statute are instructive as applied to the facts of this dispute. Since Darren did not specifically designate a beneficiary of the proceeds, Doris wants the Court to rely on the

language of the MetLife policy. (page 7, Defendant/Counterclaim Plaintiff's Memorandum) She claims that it establishes a clear hierarchy designating Doris as the default beneficiary, thus invoking ERISA's mandate to follow the terms of the plan. The applicable provision in the policy states in relevant part:

> "If there is no Beneficiary at your death for any amount of benefits payable because of your death, that amount will be paid **to one or more of the following persons** who are related to you and who survive you: 1. spouse; 2. child; 3. parent; 4. brother and sister.
>
> **However, we may instead pay all or part of that amount to your estate.**" (Exhibit F attached to the Stipulation of Facts, emphasis added)

Doris' contention that this language establishes a "hierarchy of default beneficiaries" is plainly wrong. The inclusion of the words "to one or more of the following persons" and the unambiguous reservation of the right to pay the proceeds to an estate defeat her claim. The language of the policy does not clearly designate Doris as the beneficiary and unquestionably allows payment of the proceeds to Darren's estate.

As previously argued on Lorraine's behalf, since Darren failed to designate a beneficiary and the MetLife policy does not identify a beneficiary, neither ERISA nor the federal common law interpreting ERISA are applicable to the facts of this case and the Court should turn to the provisions of the Darrin and Doris' Separation Agreement dated July 2, 2003 (Exhibit C attached to the Stipulation of Facts) (hereinafter "the Agreement") and Massachusetts case law regarding the enforcement of such agreements to resolve this dispute.

Doris also argues that this Court should order the MetLife Insurance proceeds payable to her because she did not waive her interest in Darren's life insurance proceeds by the provisions of the Agreement. (page 9, Defendant/Counterclaim Plaintiff's

2

Memorandum) Although it may be true that the Agreement does not contain specific language waiving any interest Doris may have in Darren's life insurance proceeds, the provisions of the Agreement Doris relies upon are so ambiguous that they cannot be construed to apply to the distribution dispute. Doris omitted from her recitation of the Waiver of Estate Claim clause in the Agreement the fact that it states, "However, nothing in this paragraph is intended to or shall constitute . . . .a waiver of the Wife's rights against the Husband's **estate**, if any, under Article 8." (Exhibit C attached to the Stipulation of Facts, emphasis added) Article 8 states: "The husband and wife shall keep in force life insurance policies as they see fit." (Exhibit C attached to the Stipulation of Facts) Neither of these provisions could be interpreted to affect the distribution of the life insurance proceeds. The Agreement is helpful to the Court in resolving the distribution issue solely because it represents a complete and final division of the marital estate. Furthermore, contrary to Doris' assertion that the life insurance proceeds were not property of the marital estate which was divided by the Agreement, the Agreement includes, in paragraph 23, the following definition of property:

> "The property referred to in this Agreement represents all property which either party has any interest in or right to, whether legal or equitable, owned in full or in part[y] by either party, separately or by the parties jointly." (Exhibit C attached to the Stipulation of Facts)

As there is no dispute of the fact that Darren owned the policy at the time of the execution of the Agreement, the insurance policy proceeds were property Darren had an "interest in" and a "right to" at the time Doris and Darren executed the Agreement and were consequently part of the martial estate which the Agreement divided. As argued previously in support of Lorraine's claim to the proceeds, the Agreement was found by

3

the Worcester Probate and Family Court to be fair and reasonable, to include proper provisions for the disposition of marital property and to have survived independently of the Divorce Decree.

Finally, Doris also argues that the Court should look to "congressional policy" as codified by the Federal Employees' Group Life Insurance Plan (hereinafter "FEGLIA") as applicable federal common law to resolve the distribution dispute. (pages 10 and 11, Defendant/Counterclaim Plaintiff's Memorandum) Doris' reliance on an unrelated statute is erroneous. The only applicable body of common law would be that which interprets a relevant statute. In this case the only possible relevant statute is ERISA. Therefore, any federal common law to be applied to the instant dispute would be limited to that which interprets ERISA. See, Metropolitan Life Insurance Company v. Flinkstrom, 303 F.Supp2d 34, 40 (D.Mass. 2004) FEGLIA governs insurance plans and annuities for government organizations and employees. Doris' assertion that this Court should apply the provisions of this statute to determine the beneficiary of Darren's life insurance policy is nonsensical.

## CONCLUSION

The proceeds of Darren's life insurance policy should be paid to his estate and not to Doris since Darren failed to name Doris as a designated beneficiary and the life insurance policy does not set out a specific beneficiary but allows payment to Darren's estate; neither ERISA nor federal common law interpreting ERISA are instructive in this case; Darren and Doris executed an Agreement which divided their marital property including the proceeds of Darren's estate; that Agreement was found by the Worcester

Probate and Family Court to be a fair and reasonable agreement which terminated their financial relationship and it survived their Divorce Decree and; Massachusetts law and public policy favor enforcement of such agreements entered into freely by parties involved in divorce actions even though the divorce is not completed.

Dated: July 29, 2005

LORRAINE FORCIER,
By Her Attorney,

*/s/ Janet Fennell*
Janet Fennell, BBO #561288
Law Office of Neil Davis
390 Main Street, Suite 720
Worcester, MA 01608-1601
(508) 793-0939

## CERTIFICATE OF SERVICE

I, Janet Fennell, attorney for Lorraine Forcier, Administratrix of the Estate of Darren Forcer, Plaintiff/Counterclaim Defendant, hereby certify that I have served the Memorandum in Rebuttal to Defendant/Counterclaim Plaintiff's Memorandum of Law upon counsel for Doris Forcier, Defendant/Counterclaim Plaintiff, Barbara S. Liftman, at Donna J. Hines & Associates, 206 Main Street, Worcester, Massachusetts, 01608, by mailing a copy of same first class mail, postage prepaid on July 29, 2005.

*/s/ Janet Fennell*
Janet Fennell