UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORRAINE FORCIER, Administrator<br>of the Estate of Darren Forcier,<br>    Plaintiff/Counterclaim Defendant<br><br>v.<br><br>DORIS FORCIER,<br>    Defendant/Counterclaim Plaintiff | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 04-CV-40158-FDS |

## DEFENDANT/COUNTERCLAIM PLAINTIFF DORIS FORCIER'S SUR-REPLY TO PLAINTIFF/COUNTERCLAIM DEFENDANT'S MEMORANDUM IN REBUTTAL

Defendant/counterclaim plaintiff Doris Forcier, hereby submits for this Court's consideration her Sur-reply to Plaintiff/counterclaim defendant Lorraine Forcier's Memorandum in Rebuttal.

Without restating the arguments contained in her Memorandum of Law, Doris states that Lorraine's rebuttal misstates, misinterprets and over-simplifies Doris's arguments and the applicable law for the following reasons:

1. There simply is no law, and Lorraine cites no law, which supports the proposition that if ERISA is silent on a particular issue and there is no federal common law on the issue then this Court should apply state law. To the contrary, where ERISA is silent on an issue, the Court is charged with the duty to create federal common law on that issue. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 110 (1989). In doing so, it should take into account applicable state law, Congressional policy concerns, and the stated purposes of ERISA including uniformity across the Circuits.

1

The Courts may look to state laws only insofar as they are not inconsistent with Congressional policy concerns. Pilot Life Insurance Company v. Dedeaux, 481 U.S. 41, 56 (1987).

2. ERISA is not silent on the issue at hand. Although there is no provision in ERISA for the resolution of conflicting claims to life insurance proceeds, ERISA obligates a fiduciary to "discharge his duties...in accordance with the documents and instruments governing the plan." Metropolitan Life Insurance Company v. Williams, 82 F.Supp.2d 1346, 1351 (1999) quoting 29 U.S.C. § 1104(a)(1)(holding that a divorce agreement was preempted by ERISA unless it fell within the exception for a Qualified Domestic Relations Order.) The plan in question here, namely the life insurance policy, provides an ordered, numbered list of beneficiaries to pay in the event none is named by the insured. This Court need look to further than the policy itself to see that the plan's drafters intended the proceeds to be paid first to a surviving spouse.

3. Massachusetts law is silent on the issue of who is entitled to receive life insurance proceeds where the decedent failed to name a beneficiary. Although the plaintiff repeatedly urges this Court to apply Massachusetts state law, she points to no statute or case which is instructive on this issue. Instead she urges this Court to apply the "law" of Dorris and Darren's Separation Agreement, and the dicta employed by Judge Roach in finding the agreement enforceable. This is hardly a sound basis for creating federal common law.

4. As Lorraine correctly states, there is nothing in the Separation Agreement which is instructive on the issue of who is entitled to the proceeds of Darren's life insurance policy. Lorraine is also correct in stating that Dorris and Darren intended

their Agreement to be a full and final division of their marital assets. But to attempt to include life insurance within the marital estate being divided clearly flies in the face of decades, if not centuries, of common law which provides that the death benefit of a life insurance policy is not a marital asset, nor is it a probate asset, as it does not even exist as an asset until after the death of the insured, and even then it belongs to the insurer. Tyler v. Treasurer and Receiver General, 226 Mass. 306, 309 (1917). It is simply wrong for Lorraine to state "[a]s there is no dispute of the fact that Darren owned the policy at the time of the execution of the Agreement, the insurance proceeds were property Darren had an 'interest in' and a 'right to' a the time...", and there is no factual or legal support for these statements. To the contrary, the policy was issued to and owned by Macromedia, Inc. (See Exhibit F to Joint Stipulation of Facts).

5. There simply is nothing in the Separation Agreement which could possibly be construed as a waiver of the life insurance proceeds by Doris, and Lorraine concedes this point in her Rebuttal. Even if Doris had waived her right to the proceeds in the Separation Agreement, such a waiver would not be binding on this Court. According to the federal common law rule that has emerged on this issue, a waiver of interest by a nonparticipant beneficiary requires proof of a specific termination of the rights in question in order to effectively waive a beneficiary's interest under an ERISA-regulated plan. Metropolitan Life Insurance Company v. Flinkstrom, 303 F.Supp.2d 34, 41 (D.Mass. 2004) quoting Melton v. Melton, 324 F.3d 941, 945 (7th Cir. 2003). The waiver must be "explicit, voluntary and made in good faith" to be considered valid. Id. quoting Manning v. Hayes, 212 F.3d 866, 974 (5th Cir. 2000). When evaluating the effectiveness of such a waiver, a court should be concerned with whether a reasonable

person would have understood that she was waiving her interest in the proceeds or benefits in question." Melton, 324 F.3d at 945-46. While Doris specifically waived her rights to Darren's 401(k) in the Separation Agreement ("[t]he Husband and Wife shall waive any right, title, or interest that they may have in one another's pension/retirement plans"), there is no such explicit waiver with respect to life insurance, and the waiver of her interests in Darren's estate was expressly conditioned upon the divorce becoming final.

6. Doris is not asking this Court to apply FEGLIA to this dispute; rather she is asking this Court to adopt the reasoning employed by Congress in creating that statute. This Court, in creating the federal common law interpreting ERISA, is required to keep in mind Congressional policy concerns. Clearly Congress has spoken loudly and clearly on this issue as it pertains to federal employees. It created a uniform body of law with precise, easy to understand language on the issue of who should be entitled to the proceeds when a federal employee dies without naming a beneficiary. It is illogical to suggest that Congress would have intended something different for private-sector employees.

7. Lorraine offers no reason why this Court should bypass all of the other default beneficiaries listed in the policy and award the life insurance proceeds to Darren's estate other than "the policy unquestionably allows it." The policy likewise allows payment to a surviving spouse. There can be no dispute that Doris and Darren were still legally married at the time of Darren's death and that Doris therefore is the "spouse" as that term is used in the policy.

8. The numbered list of default beneficiaries is a hierarchy of beneficial interests. If it were not intended to be so, there would be no reason for Metlife to have numbered them. It is not just a coincidence that the surviving spouse is listed first and numbered "one", followed by the children, parents, brothers and sisters and lastly, the employee's estate. The order of the list is neither arbitrary nor random and it is no coincidence that it is in the same order as the intestate distribution statute of Massachusetts and other states adopted from English common law going back hundreds of years. See, M.G.L. c. 190 §§ 1-3. To the extent the language of the policy is ambiguous, this Court is free to make all reasonable inferences as the contracting parties' intent. Lanier Professional Services, Inc. v. Ricci, 192 F.3d 1, 4 (1st Cir. 1999); Colosanto v. Life Insurance Company of North America, 100 F.3d 203, 211 (1st Cir. 1996). In order to have the document make sense, this Court should infer that the parties intended the words, "if none then to" in between each of the beneficiaries on the default list. This would make the default provisions of the policy consistent with Congressional policy, state law and industry practice.

9. The language in the policy which provides that the death benefits will be paid "to one or more of the following persons" is ambiguous. Again, in resolving the ambiguity, this Court should try to give effect to the likely intent of the parties and draw whatever reasonable inferences are necessary for this purpose. The language surely was not intended to mean that the insurer is free to pick and choose from the different categories of beneficiaries arbitrarily. Clearly the language was intended to cover the situation where the employee dies leaving more than one child, parent, or sibling. Lorraine's suggestion that this Court interpret the policy to permit the life

insurance company to pick whomever it chooses simply defies logic. To adopt such a rule would be a complete abrogation of this Court's duty to create a uniform body of federal law that can be applied evenhandedly in similar cases.

10. Even if it the insurer were free to choose from the list of default beneficiaries, it could not, and would not, choose Darren's estate because the policy clearly states that Metlife won't pay anyone who didn't file a claim. As no claim was filed with Metlife seeking to have proceeds paid to estate, the estate should not even be considered as a potential beneficiary. Federal common law requires the exhaustion of administrative remedies as a prerequisite to the initiation of a civil action for benefits under an ERISA plan. Drinkwater v. Metropolitan Life Insurance Company, 846 F.2d 821 (1988). Accordingly, Lorraine's Complaint for Declaratory Judgment should be dismissed and the benefits should be awarded to Doris, the only party to this action who has filed a claim for benefits under the Metlife policy.

DORIS FORCIER
By her attorney

Barbara S. Liftman
BBO #559448
LAW OFFICES OF DONNA J. HINES &
ASSOCIATES
306 Main Street
Worcester, MA 01608
508-799-5900

## CERTIFICATE OF SERVICE

I, Barbara S. Liftman, attorney for the Defendant/Counterclaim Plaintiff, hereby certify that on this 2nd day of August, 2005, I served a copy of the foregoing on all parties by mailing the same, first-class mail, postage prepaid, to: Attorney Janet Fennell, Law Office of Neil S. Davis, 390 Main Street, Worcester, MA 01608.

_____
Barbara S. Liftman