UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LORRAINE FORCIER, Administrator )
of the Estate of Darren Forcier, )
    Plaintiff/Counterclaim Defendant )
) C.A. No. 04-CV-40158-FDS
v. )
)
DORIS FORCIER, )
    Defendant/Counterclaim Plaintiff )

### DEFENDANT/COUNTERCLAIM PLAINTIFF DORIS FORCIER'S POST-TRIAL MEMORANDUM OF LAW

#### ISSUES PRESENTED

At a trial held before this Court, Saylor, J., on September 8, 2005 on plaintiff's Complaint for Declaratory Judgment and defendant's counterclaim for Declaratory Judgment, this Court requested memoranda be submitted by the parties on the following issues:

1. Whether the Court should property regard the September 8 hearing as a bench trial or as a hearing on a Motion for Summary Judgment; and

Whether there will be tax consequences if this Court orders the proceeds of the subject life insurance policy paid to the Estate of Darren Forcier.

#### STATEMENT OF RELEVANT FACTS

This case was initially brought as a Complaint for reformation of a life insurance policy in the Worcester Probate and Family Court. The case was removed to this Court and the Complaint was thereafter amended to a complaint for declaratory

1

judgment. The defendant Doris Forcier has also brought a counterclaim for declaratory judgment.

At a status conference held pursuant to Mass.R.Civ.P. 16 on April 14, 2005, the parties agreed that they would submit the case for the Court's consideration upon an agreed-upon statement of the facts. A scheduling order which included a trial date was set. Thereafter the parties submitted an agreed-upon statement of facts with supporting documentation attached as exhibits and memoranda of law. At the trial held on September 8, 2005, this Court questioned whether the matter should be disposed of by bench trial or whether the court should regard the memoranda as cross-motions for summary judgment. The Court also questioned whether or not the payment of the proceeds of the subject life insurance policy to the Estate of Darren Forcier would have tax implications.

## ARGUMENT

### I. A Bench Trial is the Appropriate Mechanism for Disposing of the Complaint and the Counterclaim for Declaratory Judgment.

The Federal Rules of Civil Procedure provide a mechanism for converting a Motion to Dismiss into a Motion for Summary Judgment, and for converting a Motion for Judgment on the Pleadings into a Motion for Summary Judgment. See, Fed.R.Civ.P. 12(b) and 12(c). The Rules do not provide a mechanism for converting an action for Declaratory Judgment into a Motion for Summary Judgment. See, Fed.R.Civ.P. 57. No Motion for Summary Judgment has been filed by either party.

The Court in an ERISA case, where both ERISA and the federal common law interpreting ERISA are silent on an issue, is charged with the duty to create federal

2

common law on that issue which will further the goal of uniformity and predictability of result across the circuits. Deciding this case in a summary fashion will not further that goal.

Federal Rules of Civil Procedure Rule 52(a) requires the Court, in actions tried without a jury, to "find the facts specifically and state separately its conclusions of law thereon" before entering judgment. There is no such requirement for rendering a summary judgment pursuant to Rule 56, and Rule 52(a) specifically states that "findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56...". It is essential to the creation of the federal common law that this Court make specific findings of fact and conclusions of law and, in the event of an appeal, such findings and conclusions would facilitate appellate review.

## II. The Payment of the Life Insurance Premiums to the Estate of Darren Forcier Will Trigger an Estate Tax.

Counsel for the defendant Doris Forcier, in response to this Court's inquiry as to whether payment of the life insurance proceeds to the Estate of Darren Forcier would result in an increased tax liability for the estate, indicated that she had no independent knowledge of the value of the estate's assets which, on information and belief, include a home, cash, stocks and retirement assets. Counsel for the plaintiff represented to the Court that documentation regarding the gross estate value would be provided to counsel for Doris. As of September 21, 2005, no such documentation has been provided and counsel for Doris is therefore unable to formulate a position on this issue.

DORIS FORCIER
By her attorney

_____
Barbara S. Liftman
BBO #559448
LAW OFFICES OF DONNA J. HINES &
ASSOCIATES
306 Main Street
Worcester, MA 01608
508-799-5900

## CERTIFICATE OF SERVICE

I, Barbara S. Liftman, attorney for the Defendant/Counterclaim Plaintiff, hereby certify that on this 21st day of September, 2005, I served a copy of the foregoing on all parties by mailing the same, first-class mail, postage prepaid, to: Attorney Janet Fennell, Law Office of Neil S. Davis, 390 Main Street, Worcester, MA 01608.

_____
Barbara S. Liftman