UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LORRAINE FORCIER, Administratrix )
of the Estate of Darren Forcier, )
    Plaintiff/Counterclaim Defendant )
                     )        C.A. No. 04-CV-40158-FDS
v. )
                     )
DORIS FORCIER, )
    Defendant/Counterclaim Plaintiff )

## PLAINTIFF/COUNTERCLAIM DEFENDANT, LORRAINE FORCIER'S MEMORANDUM IN OPPOSITION TO DEFENDANT/COUNTERCLAIM PLAINTIFF DORIS FORCIER'S MOTION FOR STAY PENDING APPEAL

Plaintiff/Counterclaim Defendant, Lorraine Forcier, Administratrix of the Estate of Darren Forcier (hereinafter "Lorraine") respectfully submits this Opposition to the Motion of Defendant/Counterclaim Plaintiff Doris Forcier (hereinafter "Doris") for a Stay of Judgment Pending Appeal.

Doris has failed to make the showing required under the four-factor test governing stays pending appeal: "(1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 16 n.3 (1st Cir. 2002)).

### I. Doris Has Failed to Show a Likelihood of Success on the Merits

Doris is unlikely to succeed on the contractual interpretation issue upon which this Court's decision rests. "The sine qua non [of the stay pending appeal standard] is

whether the [movants] are likely to succeed on the merits." <u>Acevedo-Garcia v. Vera-Monroig</u>, 296 F.3d 13, 16 (1st Cir. 2002) (alterations in original) (quoting <u>Weaver v. Henderson</u>, 984 F.2d 11, 12 (1st Cir. 1993). Elaborating on this first prong, the District of Massachusetts required that the appeal "'raise[] serious  and difficult questions of law in an area where the law is somewhat unclear.'" <u>Exxon Corp. v. Esso Worker's Union, Inc.</u>, 963 F. Supp. 58, 60 (D. Mass. 1997) (quoting <u>Mamula v. Satralloy, Inc.</u>, 578 F. Supp. 563, 580 (S.D. Ohio 1983)).

This case does not present such a difficult or unclear question. Despite the unusual factual circumstances of this case, the legal basis for the Court's decision was a straightforward issue of contractual interpretation. <u>See</u> Amended Findings of Fact and Conclusions of Law, Dec. 28, 2005 (Saylor, J.) at 16-23 (copy attached as <u>Exhibit A</u>). The Court interpreted the plain language of the insurance policy at issue to impose a "permissive hierarchy". <u>Id.</u> The plain text of the policy mandated that the Court reject Doris' proffered interpretation. Doris argued that the numbering of the potential beneficiary categories in the "No Beneficiary at Your Death" clause imposed a mandatory hierarchy of beneficiaries. <u>See id.</u> at 17. However, as the Court noted, there is no such mandatory language in the policy, and the insurer could quite easily have drafted a mandatory hierarchy if it had wanted one. <u>Id.</u> at 18-19. Moreover, such a mandatory hierarchy stands in conflict with the discretionary language in that same clause, and elsewhere in the policy. <u>See id.</u> at 17 (quoting policy language providing that insurer "may instead pay all or part of that amount to your estate."); <u>id.</u> at 7 (quoting policy language giving insurer "discretionary authority to interpret the terms of the Plan to determine eligibility for and entitlement to Plan benefits in accordance with the terms of

2

the Plan"). Accordingly, Doris is unlikely to succeed on this straghtforward issue of contractual interpretation.

**II. Doris Has Failed to Show Irreparable Harm**

Doris cannot show irreparable harm, because her only alleged harm is purely monetary. "As a general rule, the possibility of monetary injury does not constitute irreparable harm." Micro Networks Corp. v. HIG Hitech, Inc., 188 F. Supp. 2d 18, 22 (D. Mass. 2002) (denying preliminary injunction where no irreparable harm was shown). This rule may yield where assets are in "danger of depletion and dissipation," where a litigant is on the "brink of insolvency," or where assets are "about to be placed beyond the reach of the judicial system." Id.

None of those exceptional circumstances appear on the record in this matter. In fact, Doris has made absolutely no effort to show irreparable harm. The test governing stays pending appeal should not be a formality, in which unsuccessful litigants receive stays as a matter of course. The party moving for the stay "must demonstrate to this Court that it will be unable to recover its funds once they are disbursed." Id. (holding, on motion for preliminary injunction, that moving party's "bare averment" and "speculation" that recovering money will require extraordinary effort "is inadequate to support a finding of irreparable harm").

**III.    Issuance of the Stay Will Substantially Injure Lorraine**

The third factor contemplates no irreparable injury, but merely "substantial" injury. Here, Lorraine has been awarded equitable relief, and is entitled to the benefit of that relief. Delaying that relief may not rise to the level of irreparable injury, but it is injury nonetheless.

3

## IV.    The Public Interest Does Not Support or Oppose the Stay

The interpretation of the insurance policy may be of keen interest to the parties, but the unique circumstances of this case render its resolution of no import to the public interest.

## CONCLUSION

For the foregoing reasons, Lorraine Forcier respectfully submits that Doris Forcier has failed to carry her burden, and therefore asks that the Court deny Doris' motion for a stay pending appeal.

Dated: January 12, 2006

LORRAINE FORCIER,
By Her Attorney,

Janet Fennell, BBO 561288
Law Offices of Neil Davis
390 Main Street, Suite 720
Worcester, MA 01608-1601
(508) 793-0939

## CERTIFICATE OF SERVICE

I, Janet Fennell, attorney for Lorraine Forcier, Administratrix of the Estate of Darren Forcer, Plaintiff/Counterclaim Defendant, hereby certify that I have served the Memorandum in Support of Complaint for Declaratory Judgment upon counsel for Doris Forcier, Defendant/Counterclaim Plaintiff, Barbara S. Liftman, 500 Main Street, Suite 535 Worcester, Massachusetts, 01608, by hand delivering a copy of same on January 12, 2006.

_____
Janet Fennell