# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| **LORRAINE FORCIER**, Administrator of the Estate of Darren Forcier,  )<br><br>Plaintiff/Counterclaim Defendant,  )<br><br>v.  )<br><br>**DORIS FORCIER**,  )<br><br>Defendant/Counterclaim Plaintiff.  ) | Civil Action No.<br>04-40158-FDS |

### MEMORANDUM AND ORDER ON DEFENDANT'S/COUNTERCLAIMANT'S MOTION TO STAY EXECUTION OF JUDGMENT PENDING APPEAL

**SAYLOR, J.**

On December 28, 2005, this Court filed its findings of fact and conclusions of law in this matter, ruling that the proceeds of the ERISA-covered life insurance policy in dispute should be paid in equal portions to the decedent's parents, Donald and Lorraine Forcier. On December 30, 2005, defendant/counterclaimant Doris Forcier, the decedent's widow, filed a notice of appeal and a motion for stay of judgment pending appeal.

A stay of execution of a money judgment is granted as a matter of right when an appeal is taken and the appellant files a supersedeas bond in an amount approved by the court.[1] Fed. R. Civ. P. 62(a), 62(d); *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002); *see also* Local Rule of the United States District Court for the District of Massachusetts 62.2. "The nature and amount of the bond is entrusted to the discretion of the trial court." *Acevedo-Garcia*, 296 F.3d at 17.

---

[1] Therefore, the authorities cited in opposition to the motion by plaintiff, which concern the stay of an injunction pending appeal, are inapposite.

The judgment here is in the amount of life insurance proceeds that were deposited with the Court pursuant to the Court's April 14, 2005 order, with interest accrued since that date. Therefore, the judgment amount, and the accruing interest on such amount, are secure. Further, the costs of appeal to the plaintiff are not likely to be great because this matter involved a very short bench trial on stipulated facts. And it is unlikely that plaintiff will be entitled to any damages for the delay on appeal. Under these circumstances, the Court finds that the posting of a supersedeas bond would be a "waste of money" and, therefore, no bond is required. *See id.*

Accordingly, pursuant to Fed. R. Civ. P. 62(d), Defendant/Counterclaim Plaintiff Doris Forcier's Motion Pursuant To F.R.A.P. 8(a)(1)(A) For Stay of Judgment Pending Appeal is GRANTED. Execution of judgment is stayed pending appeal.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: January 12, 2006