UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LORRAINE FORCIER, Administrator )
of the Estate of Darren Forcier, )
    Plaintiff/Counterclaim Defendant )
)   C.A. No. 04-CV-40158-FDS
v. )
)
DORIS FORCIER, )
    Defendant/Counterclaim Plaintiff )

**DEFENDANT/COUNTERCLAIM PLAINTIFF DORIS FORCIER'S
REPLY TO PLAINTIFF/COUNTERCLAIM DEFENDANT'S LORRAINE
FORCIER'S MEMORANDUM IN OPPOSITION TO MOTION FOR
STAY OF JUDGMENT PENDING APPEAL**

NOW COMES the defendant/counterclaim plaintiff Doris Forcier (hereinafter "Doris") and hereby replies to the Memorandum in Opposition to her Motion to Stay this Court's Judgment pending an appeal to the Court of Appeals for the First Circuit.

**I. Doris Has a Strong Likelihood of Success on the Merits of Her Appeal.**

Doris intends to raise on appeal numerous errors of law made by this Court, including but not limited to the following:

1. In concluding that the Metlife policy contained a "permissive hierarchy" of beneficiaries and that but for "extraordinary" circumstances which the Court found to exist in this case the life insurance proceeds would have been payable to the decedent's surviving spouse, this Court fell short of its obligation as mandated by the United States Supreme Court to create a federal common law interpreting ERISA which is uniform and consistent across the circuits and which create a predictability of result in interpreting claims which clearly fall under ERISA. Firestone Tire & Rubber Co. v. Bruch, 489 U.S.

101, 110 (1989); Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41, 56 (1987). Courts developing federal common law pursuant to ERISA are "constrained to fashion only those remedies that are appropriate and necessary to effectuate the purposes of ERISA." United States Steel Mining Co. v. District 17, United Mine Workers of America, 897 F.2d (4th Cir. 1990). "One of the principal goals of ERISA is to enable employers to establish a uniform administrative scheme, which provides a set of standard procedures to guide processing of claims and disbursement of benefits." Egelhoff v. Egelhoff, 532 U.S. 141, 148 (2001). This Court ignored the mandate of the Supreme Court and the circuits and acted as a court of equity by creating a rule and then carving an exception to its own rule which said that the numbered list of default beneficiaries is in fact an ordered hierarchy, but that the plaintiff in this case didn't deserve to recover the benefits for various reasons, thereby destroying the ability of any other court to look to this case as precedent in a case involving an employer-sponsored life insurance plan where the decedent has failed to name a beneficiary. The Court cites no legal authority for carving an "extraordinary circumstances" exception to its decision because it lacked the authority to do so. In fashioning federal common law under ERISA, the District Court has very limited equity power. ERISA allows the Court to fashion an equitable remedy on for the purpose of redressing violations of ERISA or for enforcing provisions of ERISA or of an ERISA plan. 29 U.S.C. § 1132 (a) (3); Harris Trust and Savings Bank v. Salomon Smith Barney, 530 U.S. 238 (2000). This Court does not have the authority to fashion an equitable remedy to deprive on individual of benefits the Court itself found she would otherwise be entitled to in order to avoid a harsh result.

2. This Court disregarded a clear statement by Congress as to what Congress intends should happen to employer-sponsored life insurance policies where the decedent has failed to designate a beneficiary. The only difference between the Federal Employees' Group Life Insurance program and the employer-sponsored plan in this case is that the decedent was a private rather than a public employee. The Court acknowledged that the result under FEGLIA which would pay the proceeds to the surviving spouse was harsh but that for government employees FEGLIA is strictly applied. This Court highlighted the need for uniformity and predictability in quoting from the case of Rollins v. Metropolitan Life Ins. Co., 863 F.2d 1346, 1349 (7th Cir. 1988): "FEGLIA provides a rather simple priority of beneficiaries, without any reference to the common marital difficulties that often complicate real life…. We will not…rewrite [FEGLIA] to provide for all eventualities…." There is no reason for this Court or anyone to assume that while Congress intended for federal employees to have predictability of result in a situation such as this one, it intended private sector employees to have a case by case analysis of the details of their relationships with the prospective beneficiaries to determine if anyone in any of the classes is undeserving of their life insurance proceeds. .

3. The Court impermissibly considered factors which were not evidencing in deciding that this case warranted carving an exception to its own rule. In finding that there were "extraordinary" circumstances which justified passing over the first person on the default hierarchy, the surviving spouse, the Court considered that there was no evidence that Doris and the decedent had attempted to reconcile, and that there was no evidence that the decedent was aware that the life insurance policy in question existed. It is a bedrock principal of our system of jurisprudence that the absence of evidence is not

evidence, and that the absence of evidence may not be considered by the Court. Just as there was no evidence in the Joint Stipulation of Facts that Doris and Darren had attempted to reconcile, likewise there was no evidence that they had not attempted to reconcile. Just as the Court found that there was no evidence that Darren was aware of the life insurance policy, likewise there was no evidence that he was not aware of the policy. To the contrary, there was some evidence that Darren was aware of the life insurance policy because life insurance policies were addressed in the divorce agreement signed by Doris and the decedent. Interestingly, this Court assumed nothing about the decedent's relationship with his parents or attempted to explore whether or not they were worthy beneficiaries of the life insurance proceeds.

    4. The Court erred in ordering that the life insurance proceeds be paid to the parents of the decedent. The parents of the decedent were not parties to the action in the District Court. The only plaintiff in the case is Lorraine Forcier as Administratrix of the Estate of Darren Forcier and not individual. The only prayer for relief contained in the Complaint is one that the Court instruct the insurer to pay the proceeds to the decedent's estate.

    5. Even though it found that the parties' divorce was not final at the time of the decedent's death and that Doris was lawfully his surviving spouse, the Court improperly considered the parties' divorce agreement as evidence and misinterpreted that document. The Court incorrectly found that the divorce agreement did not mention the life insurance benefits, yet the agreement clearly contained a provision that the parties would keep their life insurance policies in effect as they saw fit. The Court found that Darren and Doris clearly intended by the agreement to separate their finances, but ignored the fact that life

4

insurance owned by one's employer is not a marital asset which could have been divided by the parties. To the contrary, it did not ripen into an asset until the time of Darren's death, and even then it was an asset not of Darren or of his estate but of the beneficiary. The parties' agreement left Darren free to designate whomever he chose as beneficiary of that policy, and the Court should infer nothing from the fact that he did not because, again, the absence of evidence is not evidence. Instead the Court found, citing no evidence in the parties' Joint Stipulation of Facts, that "it seems overwhelmingly likely that neither Darren nor Doris was aware of its existence…" It is just as likely that Darren looked at the policy before his death and concluded that the benefits would go to Doris, the default beneficiary listed as Number One as any other conclusion based upon an absence of evidence.

### II. Doris Will be Irreparably Harmed if Her Motion for a Stay is Denied.

If this Court denies her request for a stay while Doris takes an appeal to the First Circuit Court of Appeals, it is likely that the insurance proceeds will be dissipated while the appeal is pending. The Court has ordered that the life insurance proceeds, approximately $200,000.00, be shared equally by Lorraine Forcier and Donald Forcier, the parents of the decedent. It is reasonable to assume that if the proceeds are distributed to them, they will spend some or all of the proceeds or gift them to others. If this Court continues to hold the proceeds while the appeal is pending, they will be secure for whomever prevails on the appeal and any subsequent proceedings. To say that Lorraine Forcier, herself not even a party to this action, will be harmed if the proceeds are not distributed is ludicrous. Lorraine will be no worse off if the Court continues to hold the

proceeds while the appeal is pending, while Doris will be substantially worse off if Lorraine and Donald are permitted to spend the proceeds.

### 3. The Public Clearly Has an Interest in Having Doris's Appeal Decided.

Although such cases are few and far between, cases do arise where a participant to an employer-sponsored plan of group life insurance dies without naming a beneficiary. The policy itself clearly contemplates such a situation, and presumably Metlife issued many policies containing identical language. The federal courts are required to establish a federal common law to govern ERISA disputes which is uniform across the circuits and which, therefore, will lend itself to predictable and reliable interpretation.

### CONCLUSION

For the foregoing reasons the defendant-appellant Doris Forcier hereby urges this Court to stay its Judgment while her appeal is pending.

DORIS FORCIER
By her attorney

_____
Barbara S. Liftman
BBO #559448
Law Office of Barbara S. Liftman
500 Main Street, Suite 535
Worcester, MA 01608
508-753-6778

### CERTIFICATE OF SERVICE

I, Barbara S. Liftman, attorney for the Defendant/Counterclaim Plaintiff, hereby certify that on this 12th day of January, 2006, I served a copy of the foregoing on all parties by mailing the same, first-class mail, postage prepaid, to: Attorney Janet Fennell, Law Office of Neil S. Davis, 390 Main Street, Worcester, MA 01608.

_____
Barbara S. Liftman